Allen, J.
 

 The question, whether the defendant had presented any bill, or asked for any pay for his services, was entirely foreign to the issue, and therefore objectionable. It did not legitimately prove, or tend to prove, either want of care or skill in the treatment of the plaintiff by the defendant. But the fact that for eighteen months, a physician had forborne to assert a claim for compensation for his attendance and treatment, might in an action for malpractice, and especially in a doubtful or balanced case, be urged with great force, as in the nature of an admission of neglect or want of skill; as evidence of a consciousness on the part of the physician that he was not entitled to pay for his services, and that they were worthless. It makes a collateral issue, upon which the defendant is called upon to give explanatory or contradictory evidence, and by which the jury may be embarrassed in their deliberations.
 

 The evidence was improper; and as the court cannot say that it might not have biased the jury and influenced the result, its admission, under objection, was error, for which the judgment should be reversed. (
 
 Williams
 
 v.
 
 Fitch,
 
 18 N. Y., 546.) If improper evidence be given upon the trial, although
 
 *188
 
 it be merely cumulative, it will be cause for a reversal.
 
 (Osgood
 
 v.
 
 Manhattan Company,
 
 3 Cow., 612.) If the evidence could not possibly have injured the defendant, the error might be disregarded; but when, illegal evidence is admitted, which bears in the least degree on the result, it is fatal. (
 
 Worrall v. Parmelee, 1
 
 Comst., 519;
 
 Starbird v. Barrons,
 
 43 N. Y., 200.) By admitting the evidence, under the objection of the defendant, the jury were authorized to regard it as competent and relevant to the issue in the action, and as tending, in a greater or less degree, to prove the cause of action.
 

 The judgment should be-reversed, and a new trial granted; wsts to abide the event.
 

 All concur, except Peokham, J., not voting.
 

 Judgment reversed.