## YANKTON COUNTY V. ROSSTEUSCHER.

*1. EVIDENCE:* IMPROPER: EFFECT. The appellate court will not inquire whether the improper evidence received, did in fact prejudice the objecting party, but whether it could reasonably and properly have been so understood by the jury as to prejudice him.

*2* ———: ———: NEW TRIAL. Where it is apparent that the jury may have fairly and reasonably understood the improper evidence, in a way to injuriously prejudice the party objecting, a new trial must be granted.

### *Appeal from Bon Homme County District Court.*

THE facts in the case are fully stated in the opinion of the court.

*Bartlett Tripp* and *S. L. Spink,* for appellant.

It was error to introduce the record of county warrants in evidence. It is not a book required to be kept by statute, and was shown by the evidence not to have been a book of original entry, but was copied by Jas. S. Foster sometime afterwards. See Foster's testimony. (Laws of 1868–9, page 170, § 8; laws of 1862, page 255, §§ 7 and 9; 1 Greenleaf's Evidence, 539, § 493; ibid, 529, 484; 4 U. S. Dig., 676, par. 389.) The court erred in admitting testimony, showing or tending to show that plaintiff had paid the amount sued for in this action to Mills & Co. or their agent. The evidence offered must correspond with the allegations and be confined to the point in issue, and this rule supposes the allegations to be material and necessary. (1 Greenleaf's Evidence, 62, § 51.) And the issue in this case *was* and the *only* issue to be tried, was: did this defendant have money in his hands at the commencement of this action, belonging to this plaintiff, due and unpaid? Defendant could not be bound by any action of plaintiff in paying or refusing to pay Mills & Co., to which he was not a party. The receipt of Boyer, Ex. " B." The minute book showing entry July 8, 1870, authorizing payment of the judgment of Mills & Co., and the stub book of

warrants to show the issue of warrants to pay such judgment, nor the judgment v. Yankton county did not in any way tend to prove the issues of this case; for, suppose Yankton county did pay Mills & Co., or that they were even required by execution to pay them for these books, such action cannot bind defendant unless he was party thereto. Such action might be fraudulent, unjust, or the judgment illegally obtained. Nor is the objection answered by saying it was in proof of some allegation of the complaint, for any allegation of the complaint that plaintiff had been required to, and had paid the amount thereof to Mills & Co., is not a material allegation, but were surplusage and no proof objected to can be introduced in its support, (15 Iowa 146) and if material it was not the best evidence. (2 Phil. notes to Ev., n. 479, page 639.) The court erred in allowing the account of Mills & Co. to be introduced in evidence, marked "C." It is not an original entry, does not purport nor is it sworn to be a copy of any book of original entry. It is not the account sued in this case, and from its date—August 13, 1868—it is shown to have been made out long after the transaction of the sale of books. It tended to prove no issue involved in this case, but did, though immaterial to prove the allegations of the complaint, tend to prejudice the defense in that the bill was made out to Yankton county instead of to A. F. Hayward, as defendant swears the original bill *was*. The account was wholly irrelevant and incompetent, and the court cannot say how far this and *other* incompetent testimony may have influenced the jury, for the rule is well settled as laid down by Judge Allen, (*Baird v. Gillett*, 47 N. Y., 186,) " if illegal evidence is admitted which bears in the least degree on the result, it is fatal." (*Baird v. Gillett*, 47 N. Y., 186; *Starbird v. Barrows*, 43 N. Y., 200; *Warrall v. Parmalee*, 1 N. Y., 519; 3 Cowen, 612; 4 Wait Practice, 239, and citations; 20 Wis., 615.) It was error to allow the letter of Hayward, marked "F," to go to the jury. The testimony had closed—it was not rebutting; it was wholly incompetent to introduce the letter of a third party to bind this defendant. It is not shown to be written at the request or dictation of defendant. If he was *even* the deputy of de-

fendant, it does not appear he was so at that time. He, him-self, swears he " acted as such, but does not know how long." But if he were acting as deputy, such fact must be proved, especially when the act does not come within the scope of his legitimate duties, and is, moreover, hostile to interests of the principal; but the letter itself rebuts any presumption of agency, and breathes a spirit of independence, even of enmity, to this defendant. It casts insinuations upon this defendant, the effect of which it is not the province of the court to de-termine. It is sufficient that the testimony was incompetent, and the defendant may have sustained injury thereby. (25 Texas, sup., 20; 4 U. S. Dig., 685, par. 609; 4 U. S. Dig., 714, par. 1326 and 1327; 2 Clinton's Dig., 1187, par. 527; ibid, 1203, par. 715; 7 Wend., 446; 13 Barber, 246; 2 Clinton's Dig., 1204, par. 722; 5 Howard, 29.) The complaint does not state facts sufficient to constitute a cause of action, and defendant can raise this objection for the first time in the appellate court, and is not required to raise the objection by the demurrer in the court below. (Wait's An. Code, 241, note i. & o. cases cited; Code of 1867-8, page 31 § 101.)

*Moody & Cramer*, for appellee.

The record of county warrants issued was received in con-nection with the evidence of Iverson, the county clerk, who had the custody of all the county records of James S. Foster, the former clerk, who made the entry therein affecting this case, and was properly received. The evidence relating to the recovery by Mills & Co. against the county for the value of the books for which this order was issued by defendant, and of the payment of such judgment was all properly received for the purpose of proving the material allegations of the plaintiff's complaint, to-wit: that the county was required to pay and did pay Mills & Co. for the books, and to rebut the presumption that defendant issued the order for the purpose for which it was issued, and further for the purpose of excus-ing the demand upon the defendant that he should use it for that purpose if such demand had been deemed necessary.

Again, if either or all of such testimony had been *improperly* admitted it could have done defendant no harm, for such testimony tended to establish what as his Honor says in his charge, and as the testimony of the defendant as well as the plaintiff shows, conclusively; and, indeed, as was conceded on the trial were the facts, that said order was issued to pay for those books, that such books were purchased of Mills & Co., and that Mills & Co. were paid by the county and not by the use of this order.

BARNES, J.—This action was commenced in Yankton county, and by change of venue removed to Bon Homme county, and there tried. The jury found for the plaintiff. Various exceptions were taken in the court below upon the admission of testimony and refusal of the court to instruct the jury as requested by defendant. This cause is now in this court for review. It is alleged in plaintiff's complaint that in June, 1865, the defendant was the register of deeds of Yankton county and clerk of the board of county commissioners of said county; that while acting as such clerk he caused to be issued by said board a county warrant or order for the sum of ninety-eight dollars, payable to one A. F. Hayward; that the defendant procured said order to be issued for the pretended purpose of paying that sum to the firm of Mills & Co. for books theretofore purchased of said firm for Yankton county; that defendant did indorse said county order for the purpose of paying said Mills & Co., but in fact presented the same to the treasurer of said county and received the amount thereof of said county, for which sum so received from said county by said defendant, this action is brought by said county against said defendant.

The defendant specifically denies every material allegation of complaint. This cause was tried at Bon Homme, June 10, 1873, BARNES, J., presiding. Upon the trial of this cause the plaintiff offered in evidence a letter in the words and figures following. To the reception of this letter the defendant objected. The court below overruled the objection and allowed the letter to be read in evidence. To this ruling the defendant then and there excepted.

Yankton County vs. Rossteuscher.

COPY OF LETTER.

YANKTON, D. T., 3d May, 1865.

*Messrs. Mills & Co.*

GENTS: There has been considerable talk among the county and other officials with regard to the new books; (mark me) the fault is only against the county clerk (who gave me the order) and not with your prices or the quality of the books. But the books are altogether too extensive for our county. And several have been to me and advised me to countermand the balance of the order and leave it in the hands of the clerk, which I will now do; but will do my best to get him to do the fair thing with you.          I am, respectfully,

Yours in haste,

A. F. HAYWARD.

The fact that at the time the ninety-eight dollar order was issued to Hayward to pay Mills & Co., defendant was clerk of the board of county commissioners is admitted upon the trial in the court below. So, too, the fact that the witness, Hayward, the writer of the foregoing letter, was the duly appointed deputy clerk of said board of county commissioners, by appointment from the defendant, is fully established. The fact too that defendant knew that the ninety-eight dollar order was drawn in favor of Hayward to pay for the books purchased of Mills & Co., is fully and clearly established. The theory of the plaintiff is this: that the defendant purchased the books, for which this ninety-eight dollar order was given, of Mills & Co., for Yankton county, and that the order was drawn in favor of Hayward, who was then defendant's deputy, to be passed over to Mills & Co. in payment for the books.

The defendant's position is this: that Hayward (not as deputy clerk, acting in the place and stead of defendant) but acting for himself and on his own account, purchased the books in question from Mills & Co. for Yankton county, and afterwards sold them to defendant for the county; and that this ninety-eight dollar order was drawn in favor of Hayward to pay him (Hayward) for the books. That the order therefor was the individual order of Hayward, and thereafter, in the ordinary course of business, was purchased by defendant of Hayward.

Without examining the testimony in this case, proving or disproving either theory, it is sufficient to say that there is

some evidence tending to sustain the theory of defendant. Hayward was a witness upon the trial of this cause, and is not a party to this suit. And we are at loss to discover upon what view of this case the court below could have allowed the foregoing letter as evidence in this case. It will hardly be claimed that it was an official act of Hayward, as defendant's deputy, and is, therefore, binding on defendant, and is to be treated as defendant's own act, the same as though written by defendant himself. The character of the letter itself is inconsistent with this view of the case. We are, therefore, clearly of the opinion that this letter was improperly received in evidence.

A more difficult question for this court to determine, however, is this: could this improper evidence, by any fair and reasonable construction, have prejudiced defendant? It is not enough that the evidence is improper; but before reversing judgment or ordering a new trial, the court must be satisfied that the improper evidence may have prejudiced the complaining party. While on a careful examination of that letter we think it tends quite as strongly to establish the defendant's theory of this transaction, as it does to establish that of the plaintiff, it is impossible for the court to determine what interpretation the jury put upon it when they viewed it. And as it is apparent that the jury may have fairly and reasonably understood that letter, that it injuriously prejudiced the defendant, we think a new trial must be granted.

This case comes fairly within the rule as recognized and declared in the cases cited by defendant's counsel, under his third and fifth point, to wit: (47 N. Y., 186; 43 N. Y., 200; 4 Wait's practice, 239, and cases there cited.) Without extending this investigation further we think that improper evidence has been admitted, to which the objecting party has excepted.

The appellate court will not inquire whether the improper evidence thus received did in fact prejudice the objecting party, but will determine whether it could reasonably and properly have been so understood by the jury as to prejudice the objecting party. Applying that rule we think the jury could

reasonably have placed such construction upon the letter of Hayward, that the defendant would be prejudiced by its reception.

It is unnecessary to examine other questions presented by the bill of exceptions. As for the reason above stated, if for no other, a new trial must be granted.

Rule accordingly.

## JUNE TERM, 1875.

### PRESENT:

HON. PETER C. SHANNON, CHIEF JUSTICE.

HON. ALANSON H. BARNES, }
⎬ ASSOCIATE JUSTICES.
HON. GRANVILLE G. BENNETT, }