BELLE DUBOIS, Respondent, *v.* MARCUS MILLER, Appellant.

*Civil damage act — Evidence as to sale of liquor before passage of act — knowledge of intemperate habits — Exemplary damages:*

In an action brought under chapter 646 of the Laws of 1873 (civil damage act), by a wife for damages (the deprivation of her means of support, alleged to have resulted from her husband's intoxication), the admission of evidence of sales of liquor made to the plaintiff's husband prior to the passage of the act, is improper.

Such error is not cured by the court's charging the jury that they could not find any damages for any thing that occurred prior to the passage of the act, as, while the intoxication which caused the damage might have occurred after, the liquor might have been furnished before such passage.

Whether knowledge of the habits of plaintiff's husband would authorize the giving of exemplary damages, *quære.*

APPEAL by defendant from an order denying a new trial, and also from a judgment in favor of the plaintiff for $280.07, entered on the verdict of a jury in the Chemung County Court, on an appeal by defendant from a judgment of a justice of the peace.

This action was brought to recover damages from the defendant for injury to the plaintiff in her means of support, in consequence of the intoxication of John Dubois, her husband, produced in whole or part by intoxicating liquors sold to him by the defendant.

*Gabriel L. Smith*, for the appellant. No right of action is given by the act, against one holding a license at the time of its passage. (*Baker* v. *Pope*, 5 N. Y. S. C. [T. & C.], 102.) It is not claimed that the legislature had not power to make this law applicable to existing licenses, but that it did not exercise such power. It is elementary law, that no recovery can be had against one who is not bound by his contract, or liable for a wrong (3 Bouvier's Institutes, 133); and the seller, licensed when the law was passed, has violated no contract, and is guilty of no wrong. This statute, penal in its nature, is to be construed in the light of well established principles governing the construction of such statutes, which are that they shall be strictly construed, that they shall not be extended to cases not expressly within their meaning, and that a

party shall not be brought within the penalty by implication. It was error to allow evidence of sales of liquor to plaintiff's husband, by defendant, prior to the passage of the act of the legislature on which her right of action is founded. (*Sackett* v. *Andross*, 5 Hill, 334; *Palmer* v. *Conly*, 4 Denio, 374; affirmed, 2 Comst., 182; *McMannis* v. *Butler*, 49 Barb., 176; *Prot. Ep. School Matter*, 58 id., 164; *Jarvis* v. *Jarvis*, 3 Edw. Ch., 462.) The evidence to show that defendant knew of the habits of Dubois immediately prior to the passage of this act, was not competent. Knowledge by defendant of the habits of Dubois is of no consequence as bearing on the right of action under the act. The law requires no knowledge on the part of the seller to create the right of action.

*Smith, Robertson & Fassett*, for the respondent. It was competent for plaintiff to prove that she had no means of support but from the labor of her husband, to show that she was injured. (*Schneider* v. *Hosier*, 21 Ohio St., 98, cited 5 N. Y. S. C. [T. & C.], 104, note.) As to the point that the law is unconstitutional, see *Baker* v. *Pope* (5 N. Y. S. C. [T. & C.], 102).

LEARNED, P. J. :

On the argument of this appeal no discussion was had on two important questions: First, the constitutionality of the "civil damage act;" second, the right of a wife to recover damages for the diminution of her husband's property or wages through drunkenness. The former was passed on by the court in *Baker* v. *Pope* (9 S. C., 556). The latter has not been decided by this court so far as I know. The case of *Hayes* v. *Phelan* (11 S. C., 733) only decided (JAMES, J., dissenting) that damages resulting from death of the intoxicated person cannot be recovered under this act.

The first question made on the argument is, whether a right of action is given by that act against one holding a license at the time of its passage? It would seem to follow from the decision above cited, that it is competent for the legislature to make a man, who has done no unlawful act, liable in damages for acts done by another who is in no way his agent. It would, therefore, seem to be of little consequence whether the lawfulness of his act arose from his possession of a license or otherwise. No license is necessary to

authorize a man to give away liquor. But, under the act, the giver is liable. No license is necessary for letting a building, and no law prohibits letting a building with knowledge that liquor is to be sold therein. But one who does this is liable. The statute, therefore, by its terms, makes persons who are doing lawful acts liable for the acts or omissions of others. And the licensee is in no better position than any one else. If the giver of liquor is liable for the act of the drinker, there is no reason why the seller, under a license, should not be made equally liable. The counsel urges that it is elementary law, that no recovery can be had against one who is not bound by his contract or liable for a wrong. That may be so. But the case of the licensee is no more a violation of that elementary law than the case of the giver of liquor or of the landlord, both of whom are liable if the law is valid.

The next point made on the appeal is, that it was error to allow evidence of sales of liquor to the plaintiff's husband by the defendant prior to the passage of the civil damage act. The act was passed May 29, 1873. The plaintiff proved that the defendant gave the plaintiff's husband liquor "along the first of April." The defendant's counsel moved to strike this out, and excepted to the refusal so to do. In another part of the case also, the defendant's counsel excepted to any evidence of drinking at the defendant's prior to the passage of the law. The same objection was again taken to a question put to a witness as to how many times he had seen the plaintiff's husband drink at the defendant's prior to June; and the witness was permitted to testify that he drank at Miller's the day he moved there, which was in April. It is not easy to see how this evidence was proper. Before the act was passed, the sale of liquor created no liability. Then at least, if not now, it was a lawful act. Nor was the admission of this evidence cured by the charge. (*Baird* v. *Gillett*, 47 N. Y., 186.) It is said by the plaintiff's counsel that this evidence was intended to show the defendant's knowledge, at times subsequent to the passage of the act, of the habits of the plaintiff's husband.

Even admitting such evidence to have been proper, that which was admitted went much further. The plaintiff was allowed to prove, not merely that the defendant had seen the plaintiff's husband intoxicated, but that he had let him have liquor prior to

the passage of the act. It is true that the court charged the jury that they could not find any damages for any thing that occurred prior to June first. The alleged damages are the loss of wages by means of intoxication. While, therefore, the intoxication might have occurred after June first, yet the liquor which produced it might have been bought before the passage of the act, for the terms of the act apply as well to him who sells a barrel of liquor to a customer as to him who sells a glass. So that the jury might have found that the plaintiff's husband became intoxicated in June on liquor bought by him in April. The plaintiff, therefore, ought not to have been permitted to prove sales of liquor made prior to the passage of the act. The language of the act is in the future, and its construction would necessarily apply only to sales after its passage.

It is not necessary to examine the question, whether knowledge of the habits of plaintiff's husband would authorize exemplary damages.

For this improper admission of evidence there should be a new trial, costs to abide the event.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Judgment reversed and new trial granted, costs to abide event.

NOTE. — The following opinion was not received by the reporter in time to enable him to publish it with the prevailing opinion. (See 4 Hun, 733.) The certified copy of decisions furnished by the clerk did not state that Mr. Justice JAMES dissented, or that Mr. Justice BOARDMAN concurred only in the result arrived at in the decision of *Hayes* v. *Phelan*, and as it appeared thereby only that these justices were present, that is all that appears in the report of the case. — [REP.