## SHANKLAND et al. v. BARTLETT.

(*Supreme Court, General Term, Fifth Department.* June 23, 1888.)

1. PLEADING—BILL OF PARTICULARS—VERIFICATION.
   Plaintiff demanded of defendant a copy of his account, and a bill of particulars of his set-offs and counter-claims alleged in his answer. These were not furnished. Plaintiff afterwards obtained an order of the court directing defendant to serve a bill of particulars of his claims, demands, causes of action, set-offs, and counter-claims alleged in his answer. Defendant served such a bill, which was returned for the reason that it was unverified, though the pleadings were. *Held,* that defendant complied with the order; and, as it embraced all the matters previously demanded, he was not precluded from giving evidence of his set-offs and counter-claims by Code Civil Proc. § 531, which provides that if defendant fail to give a copy of his account, verified, within 10 days after demand, he shall be precluded from giving evidence thereof.

2. EVIDENCE—HEARSAY—CONVERSATIONS.
   In an action on an account, one item was for printing a notice of foreclosure. Defendant testified that there was an agreement that it should be printed for one-fourth the legal rates. This plaintiff denied. The attorney who conducted the foreclosure was asked if there was a conversation in his office between defendant and another "about procuring notice printed as cheaply as possible," to which he answered, "There was." Defendant then testified that, directly after such conversation, he went to plaintiff, and made the contract about the printing. *Held,* that the evidence of the attorney was improper, as it substantially detailed a conversation. between defendant and another in the absence of plaintiffs.

Appeal from judgment on report of referee.

Action brought by Robert H. Shankland and Robert H. Shankland, Jr., against Daniel E. Bartlett. The suit was tried before a referee, who found for plaintiffs, and from the judgment entered thereon they appeal.

Argued before BARKER, P. J., and HAIGHT, BRADLEY, and DWIGHT, JJ.

*E. D. Northrup,* for appellants. *G. M. Rider,* for respondent.

BRADLEY, J. The trial involved the determination of the state of the ac-- counts between the parties, produced by dealings for more than 20 years. The plaintiffs were engaged in publishing a newspaper, and in doing job work as printers. The plaintiff Shankland, Sr., had been engaged in this business. during the entire time in question,—at first alone, then his son Palmer joined, and continued with him in the business for a time, which was carried on in the firm name of R. H. Shankland & Son, when Palmer retired from the business, and the plaintiff Shankland, Jr., took his place and interest in the business, which was thereafter continued in the same firm name. The trial re- sulted in a report for $36.28, and interest upon it for four years, in favor of the plaintiffs, and judgment against them for the excess of the defendant's costs over that amount. In respect to many of the items of the accounts and claims of the respective parties, there was some conflict of evidence in the tes- timony given by the parties. Upon the questions of fact arising out of such conflict, the determination of the referee must here be deemed conclusive, as the opportunity which he had to judge of the credibility of the witnesses, and the force of their evidence, was superior to that furnished upon this review. There were some exceptions taken on the trial.

The plaintiffs' counsel contends that the referee erred in permitting the defendant to give evidence of his account against the plaintiffs. This contention is founded on the fact that the plaintiffs' attorney served upon the defendant's attorney notice that the plaintiffs demanded of the defendant "a copy of the defendant's account, and a bill of particulars of the defendant's set-offs and counter-claims and causes of action alleged in his answer;" and that no copy of his account, verified by affidavit, was furnished. It appears that afterwards the plaintiffs' attorney, on motion, obtained an order of the court directing the defendant, within 20 days, to serve "a bill of particulars of his claims, demands, causes of action, set-offs, and counter-claims alleged and set forth" in his answer. Within that time a bill of particulars (designated as such on its face) was served upon the plaintiffs' attorney, who returned it indorsed with his notice that he refused "to accept service of the within bill of particulars on the ground that the complaint and answer" were, and the bill of particulars was not, verified. The pleadings were verified. A demand in writing of a copy of the defendant's account would call upon the latter to furnish it, verified by affidavit, within 10 days; and the statute provides that, if he fail so to do, "he is precluded from giving evidence of the account." Code Civil Proc. § 531. The demand in the notice was for both a copy of defendant's account and a bill of particulars, and apparently by both the same subject-matter was called for. While those matters constitute an account within the meaning of the statute, (*Barkley* v. *Railroad Co.*, 27 Hun, 515,) they also constitute a claim; so that either a copy of the account, or a bill of particulars of the claim of the defendant, alleged in his answer, would embrace the same matters, except, perhaps, the alleged indebtedness for certain promissory notes might not come within the term "account." It evidently was not the purpose to require both. And when, pursuant to the order, the bill of particulars was served, containing the items of the entire subject-matter of the claim or account alleged in the answer, it was treated as satisfactory, except in the omission of the affidavit of verification, which was deemed by him a defect or irregularity that justified the refusal of the plaintiffs' attorney to receive it. Here arose a question of practice, on which, as applicable to a bill of particulars, the plaintiffs' attorney was wrong, as the order did not require its verification; while if it had been a copy of defendant's account, within the meaning of the statute, served pursuant to demand for it, he would have been justified in returning it. It was in compliance with the order; and, in view of the situation, we think there was no error in permitting the defendant to make proof of the matters alleged by way of counter-claims and set-offs in his answer. The notice embraced a demand for a bill of particulars, as well as a copy of the defendant's account, without distinction of the matter to be covered by them, respectively; and by the order afterwards obtained and served, a bill of particulars of all those matters alleged in the answer was required. This fairly enabled the defendant's attorney to understand that the order contained the only requirement in that respect, as it directed the defendant to furnish a bill of particulars of all the matters of counter-claim and set-off alleged in the answer; and it will not be assumed that the plaintiffs' attorney designed to have furnished a detailed statement of those matters duplicated. The objection is technical in character, and will not be sustained unless the construction of the proceedings fairly requires it. The defendant's compliance with the order for a bill of particulars must, we think, be deemed to have satisfied the requirement upon him remaining after the order was obtained and served. It is therefore unnecessary to consider the question whether the construction and effect of the provisions of section 331 of the new Code differ from those of section 158 of the old Code as relates to their self-executing character.

The plaintiffs complain of the action of the referee in reducing an item in his account from $87.75 to $21.94, and reducing, in like proportion, the items

for publication of notices of six postponements of the sale. This was for advertising notice of sale of real estate pursuant to decree of foreclosure of mortgage. The defendant testified that an arrangement was made by him with the plaintiffs, at the outset, to publish the notice for one-quarter the legal rates, and that the senior plaintiff remarked that it would not exceed $25. This is contradicted by the evidence of the plaintiffs; and the senior plaintiff says that there was no talk about abatement of the legal rates until they came to the publication of the last postponement, when for that only he agreed to charge a half or quarter of such rates. The attorney who conducted the foreclosure proceedings testified that, before the publication was commenced, the defendant and one Coleman (in whose name the proceedings were conducted) came to his office, and the witness was asked whether there was any talk between the defendant and Coleman "about procuring notice printed as cheap as possible;" and his answer, "There was," was taken subject to the exception of the plaintiff. The defendant thereupon testified that he recollected that occasion, and that he then went from the office of the attorney to the plaintiffs, and made the arrangement for the reduced price of publication of the notice. It is contended that the reception of the evidence to which objection was taken, was error. This interview between Coleman and the defendant was evidently referred to for the purpose of identifying the time when the latter claimed he made the arrangement referred to with the plaintiffs, which, in view of the conflict of the evidence of the two parties, was a fact of some importance. The time was a legitimate fact, and it was competent to identify it; and for that purpose it would not have been improper to designate the occasion by reference to something that occurred; or, in general terms, it may have been competent to refer to some subject then talked about, avoiding the conversation had or its import. That was not done in this instance; but the evidence, instead of being a mere reference to the fact that the expense of the proceeding was the subject of conversation, went further, and tended to show that a purpose was expressed to get the printing done as cheaply as possible. This, in effect, was the import of a conversation between those persons, as represented by the evidence, in the absence of both plaintiffs. The evidence thus given of the purpose, before the publication commenced, to get as much reduction as possible, furnished a circumstance which may have had an influence upon the referee in determining the question of fact presented upon the sharply-conflicting evidence of the parties, because an attempted agreement, consummated before the publication commenced, for a reduction of the expense of printing the notice, would be consistent with a previous purpose on the part of the defendant in that respect, and which he would very likely seek to accomplish. In practical effect, the evidence in question is not distinguishable from evidence that it was there talked that the purpose was to get this printing done as cheaply as possible; and by adding the evidence of the defendant, that he then went to the plaintiffs, and made the arrangement for the reduced rates, it cannot be said that such preceding conversation was harmless upon the question whether such arrangement was or was not made. In that view, within the well-settled rules upon the subject, the error cannot be disregarded, (*Baird* v. *Gillett,* 47 N. Y. 186;) and for that reason the judgment should be reversed, and a new trial granted; costs to abide the event.

BARKER, P. J., and HAIGHT and DWIGHT, JJ., concur.