SYLVESTER B. MILLER, AS ADMINISTRATOR OF THOMAS MILLER, DECEASED, APPELLANT, *v.* HARRIET E. DAVIS AND OTHERS, RESPONDENTS.

*Action by an administrator, brought on behalf of creditors, to set aside a deed made by his intestate — when a party may testify to transactions with a deceased person — Code of Civil Procedure, sec. 829.*

An administrator, a son and sole creditor of his intestate, brought an action, under chapter 314, Laws of 1858, to set aside a deed, made by his intestate to certain of his children, as being without consideration and fraudulent as to creditors,

Upon the trial one of the grantees testified in her own behalf, under objection, as to statements made by the grantor in relation to the transaction, and as to the grantor's physical condition at the time the deed was executed.

*Held,* that the testimony was competent, for the reason that it was not embraced within the spirit and intent, although it was contrary to the letter of section 829 of the Code of Civil Procedure.

That the action, although nominally by the administrator, was really for the benefit of the creditor and was brought to set aside the intestate's act.

That the testimony in question was in support of the act of the intestate, and that hence the witness testified, not " against " the interest of the estate of the intestate, but against a creditor who had derived no title or interest through or under the intestate. (MAYHAM, J., dissenting.)

APPEAL by the plaintiff Sylvester B. Miller, as administrator of Thomas Miller, deceased, from a judgment, entered in the clerk's office of the county of Clinton on the 24th day of September, 1887, after a trial before a referee.

*J. F. Conway,* for the appellant.

*C. H. Beckwith,* for the respondents.

LEARNED, P. J.:

This is an action brought by the administrator of Thomas Miller, deceased, to set aside a deed made by plaintiff's intestate to Harriet

Davis and others as fraudulent as against creditors of the deceased. The action is brought under the well-known statute, chapter 314, Laws of 1858. That statute authorizes an administrator to take a position of hostility to the estate of the deceased ; and to act in behalf of creditors of the deceased, and thus to maintain an action which could not have been maintained by the deceased himself. It is a familiar doctrine that if a man makes a conveyance which is fraudulent as to creditors, he cannot maintain an action to set it aside. Having been a party to the fraud he cannot recover back what he has fraudulently parted with. Nor probably could the administrator have done this prior to the statute. A creditor might, and may still. And the statute has not taken away his right. But it has allowed the administrator to act for the creditor, and thus to assume a position hostile to the rights of the deceased, whom he was appointed to represent.

One of the defendants and grantees in the deed from the deceased was called in behalf of herself and of her co-defendants and testified to a conversation had by her with the grantor, plaintiff's intestate. Her testimony, among other things, related to the physical condition of the grantor, and to statements made by him relative to the transaction. This was duly objected to under section 829 and an exception to its admission was duly taken.

Under the literal language of the section the witness was not competent to testify to these matters. But the spirit of this section is, that a party shall not testify to a personal transaction with a deceased person *against the interest of such deceased person's estate*, represented by the administrator. And the reason is, that the deceased person cannot, in answer to the witness, give his own version of the transaction. It would, therefore, be unjust to permit the surviving party to the transaction to testify to his side of the case, when death had closed the mouth of his opponent. But in this action it is the administrator who is acting for a creditor, and for such creditor the administrator is attacking the act of the deceased. On the contrary, the witness is testifying in support of such act, and is, therefore, defending the deceased and supporting his act.

If the creditor of the deceased had brought this action, it is plain that the witness would have been competent to testify to the matters in question. The administrator is only the instrument of the

creditors of the deceased while nominally representing the deceased. The real contest is between the creditor and the defendants. And, as between them, the witness should be competent. To exclude the testimony is to give effect to the letter of the section without considering its spirit and intent.

Let us suppose that the grantee had paid the deceased $5,000 as consideration for the deed. If a creditor of the deceased had sought to set aside the deed as fraudulent, the grantee could have testified to his payment. But the creditor instead of bringing the action, induces the administrator to be the plaintiff. Still the creditor is the real party in interest. But if the letter of the section is to be followed, the grantee is shut off from a defense to which probably no one else could testify.

The prayer of the complaint is that the land be sold for the satisfaction of plaintiff's debt. For the plaintiff is himself the creditor, although, in his complaint, he complains in behalf of himself, and "any other creditors there may be." But he alleges that he has advertised for claims and none have been presented, and he believes there are no creditors but himself. This, then, is really an action of his own as creditor. If he should, as creditor, request himself as administrator to sue, and if, as administrator, he should refuse, then he could sue as creditor, as settled in *Harvey* v. *McDonnell* (113 N. Y., 526). And as the result of the action, if successful, would be only to pay the plaintiff as creditor, evidently the administrator has no real interest. That he is the nominal party should not deprive the defendants of their testimony.

It has already been found necessary to limit the letter of similar sections by consideration of their spirit and of the evil they were intended to prevent.

We think that this case presents another instance, not foreseen by the legislature, in which the section would be perverted to injustice if the letter were to prevail, instead of the spirit. When we ask "against" whom, in the word of the section, did the witness testify, we must answer against a creditor who derived no title or interest from, through or under the deceased.

Judgment affirmed, with costs.

LANDON, J., concurred.

Mayham, J. (dissenting) :

The plaintiff prosecuted this action under the provisions of chapter 314 of the Laws of 1858, which authorizes an administrator of the estate of an insolvent to treat as void and resist all acts done, transfers and agreements made in fraud of any creditor, including himself, and others interested in any estate held by or of right belonging to the estate represented by him as such administrator.

The estate of the intestate in this case is wholly insufficient to pay his debts, unless the premises covered by the deed sought to be set aside can be reached, if we assume that the bond held by the plaintiff is a valid claim against the estate of the deceased.

The bond antedates the deed; the plaintiff attacks the deed as fraudulent as to it, upon the ground that it is a voluntary conveyance wholly without consideration.

The evidence tended to prove that, prior to the 8th day of January, 1868, Thomas Miller, plaintiff's intestate, was the owner of about three hundred and fifty acres of land in the town of Plattsburgh, which on that day he conveyed by warrantee deed to this plaintiff, taking back a mortgage from the plaintiff for $5,000, conditioned for the support and maintenance of Thomas Miller and the four sisters, three of whom, with the administrator of the fourth, are the defendants in this action.

On the 1st day of August, 1876, the plaintiff and wife reconveyed to Thomas Miller the fifty-nine acres of land covered by the conveyance sought to be set aside in this action, and at the same time Thomas Miller, the intestate, by an instrument in writing and under seal, released the $5,000 mortgage and the bond given by plaintiff to him and his daughters, and at the same time, and as a part of the same transaction, executed and delivered to this plaintiff the $2,000 bond, which he now claims to hold as a claim against the estate of his intestate. It was admitted on the trial that the plaintiff furnished no support under the $5,000 bond to his father or sisters after the 1st of January, 1877.

On the 30th of October, 1876, intestate executed and delivered to his daughters the deed in question, which, as we have seen, is attacked in this action as fraudulent, voluntary and without consideration. On the trial the defendants sought to sustain the deed by establish-

ing that plaintiff's intestate gave the deed to his daughters to compensate them for their interest in the $5,000 bond and mortgage which he had canceled when plaintiff reconveyed to him the fifty-nine acres.

Upon that subject, Susan L. Miller, one of the defendants and grantees in the deed in dispute, was called by the defendants and permitted to testify in her own behalf and that of her co-defendants, to a conversation had with her grantor, plaintiff's intestate, under plaintiff's objection and exception.

We think that this evidence was improper, and that the objection to the same and the exception to the ruling of the referee admitting it were well taken, and that the evidence was upon a material issue and that its erroneous reception cannot be disregarded. On the direct-examination the witness was asked : Q. " During the fall of 1876, October, and some time prior thereto, what appeared to be your father's condition, physically and mentally ? "

Objected to by the plaintiff as immaterial and incompetent, and as calling for a personal transaction and dealings between the witness and her father, and not admissible under section 829 of the Code and that the witness is not competent and it is not in issue.

Objections overruled and plaintiff excepts.

A. " Physically very infirm, not able to take care of himself and had not been for some years. Mentally, his mind was good and clear unless excited or stood in fear of some one "

While this evidence did not, perhaps, bear directly upon any issue properly to be tried in this case under the pleadings, and might properly have been excluded under the objection as immaterial, yet, as it was received, we cannot on this appeal say that it was not treated by the referee as some evidence of consideration for this deed, especially as the intestate lived with and was cared for in his alleged helpless condition by the grantees in this deed. And it is only when the court can see that the result could not have been affected by the illegal evidence that it is at liberty to disregard it on appeal. (*Milliner* v. *Lucas*, 3 Hun, 496 ; *Baird* v. *Gillett*, 47 N. Y., 186.)

If, therefore, the evidence was incompetent and inadmissible as a personal transaction with the deceased grantor, we cannot say it was absolutely harmless.

In *Holcomb* v. *Holcomb* (95 N. Y., 316), where a person interested in an assignment was permitted to swear to the mental condition of the assignor, it was held to be such a personal transaction with the assignor as to come within the prohibition of section 829 of the Code.

But the testimony quoted is not the most objectionable feature of the evidence of this witness. On her redirect-examination she was interrogated by the defendant's counsel in this form:

Q. "State what was said when your father informed you he had satisfied the $5,000 mortgage?"

Objected to as immaterial, incompetent and calling for personal communications and transactions with the deceased.

Objection overruled and plaintiff excepts.

A. "My reply was that it looked as if he had turned himself and daughters into the street. That, as to his state of health and mine, we are unable to do anything for our support." His reply was: "I told Sylvester that I should give you girls the fifty-nine acres of land in return for the mortgage which I gave up, which rightfully belonged to you, and I will do it right away, either by deed or will."

"I proposed that he do it by deed to save expense of settling the estate. His objection was, lest we take it and walk off with it as the rest of the property had gone."

"I then proposed that he give us the deed and for us not to take possession until his death. * * * He said he would do so."

This evidence was clearly improper under section 829 of the Code of Civil Procedure.

It was a personal communication between the defendant and her deceased grantor against an administrator, and in direct violation of both the letter and spirit of that section. It was upon a material issue and it cannot be said that the court can see that it did not affect the result. (*Hobart* v. *Hobart*, 62 N. Y., 80; *Foote* v. *Beecher*, 78 id., 15; *Clark* v. *Vorce*, 19 Wend., 233.)

As the admission of this evidence must reverse this judgment it is unnecessary for us to discuss the other questions raised on this appeal.

The judgment must be reversed, referee discharged and a new trial ordered, costs to abide the event.

Judgment affirmed, with costs.