Mayham, J. (dissenting.)
The plaintiff prosecuted this action under the provisions of chapter 314 of the Laws of 1858, which authorizes an administrator of the estate of an insolvent to treat as void, and resist all acts done, transfers and agreements made in brand of any creditor, including themselves and others interested in any estate held by or of right belonging to the estate represented by him as such administrator.
The estate of the intestate in this case is wholly insufficient to pay his debts, unless the premises covered by the deed sought to be set aside can be reached, if we assume that the bond held by the plaintiff is a valid claim against the estate of the deceased.
The bond antedates the deed; the plaintiff attacks the deed as fraudulent as to it upon the ground that it is a voluntary conveyance wholly without consideration.
The evidence tended to prove that prior to the 8th day of January, 1868, Thomas Miller, plaintiff’s intestate, was the owner of about 350 acres of land in the town of Plattsburgh, which on that day he conveyed by warrantee deed to this plaintiff, taking back a mortgage from the plaintiff for $5,000, conditioned for the support and maintenance of Thomas Miller and his four sisters, three of whom, with the administrator of the fourth, are the defendants in this action.
On the 1st day of August, 1876, the plaintiff and wife re-conveyed to Thomas Miller the fifty-nine acres of land covered by the conveyance sought to be set aside in this action, and at the same time Thomas Miller, the intestate, by an instrument in writing and under seal released the $5,000 mortgage and the bond given by plaintiff to him and his daughters, and at the same time, and as part of the same transaction, executed and delivered to this plaintiff the $2,000 bond which he now claims to hold any claim against the estate of his intestate. It was admitted on the trial that the plaintiff furnished no support under the $5,000 bond to his father or sisters after the first of January, 1877.
On the 30th of October, 1876, intestate executed and delivered to his daughters the deed in question, which, as we have seen, is attacked in this action as fraudulent, voluntary, and without consideration.
*857 On the trial the defendants sought to sustain the deed by establishing that plaintiff’s intestate gave the deed to his daughters to compensate them for their interest in the $5,000 bond and mortgage which he had cancelled when plaintiff re-conveyed to him the fifty-nine acres.
"Upon that subject Susan L. Miller, one of the defendants and grantees in the deed in dispute, was called by the defendants and permitted to testify in her own behalf and that of her co-defendants to a conversation had with her grantor, plaintiff’s intestate, under plaintiff’s objection and exception.
We think that this evidence was improper, and that the objection to the same and the exception to the ruling of the referee admitting it were well taken, and that the evidence was upon a material issue, and that its erroneous reception cannot be disregarded.
On the direct examination the witness was asked: “ Q. During the fall of 1876, October, and some time prior thereto, what appeared to be your father’s condition, physically and mentally?”
Objected to by the plaintiff as immaterial and incompetent, and as calling for a personal transaction and dealings between the witness and her father, and not admissible under § 829 of the Code, and that the witness is not competent and it is not in issue. Objections overruled and plaintiff excepts.
A. “ Physically, very infirm, not able to take care of himself, and had not been for some years. Mentally, his mind was good and clear, unless excited or stood in fear of some one.”
While this evidence did not, perhaps, bear directly upon any issue properly to be tried in this case under the pleadings, and might properly have been excluded under th'e objection as immaterial, yet as it was received, we cannot on this appeal say that it was not treated by the referee as some evidence of consideration" for this deed, especially as the intestate lived with and was cared for in his alleged helpless condition by the grantees in this deed. And it is only when the court can see that the result could not have been affected by the illegal evidence that it is at liberty to disregard it on appeal. Milliner v. Lucas, 3 Hun, 496; Baird v. Gillet, 47 N. Y., 186.
If, therefore, the evidence was incompetent and inadmissible as ' a personal transaction with the deceased grantor, we cannot say it was absolutely harmless.
In Holcomb v. Holcomb, 95 N. Y., 316, where a person interested in an assignment was permitted to swear to the mental condition of the assignor, it was held to be such a personal transaction with the assignor as to come within the prohibition of § 829 of the Code.
But the testimony quoted is not the most objectionable feature of the evidence of this witness; on her redirect examination she was interrogated by the defendant’s counsel in this form:
Q. " State what was said when your father informed you he had satisfied the $5,000 mortgage? ”
Objected to as immaterial, incompetent and calling for personal *858 communications and transactions with the deceased. Objection overruled and plaintiff excepts.
A. “ My reply was that it looked as if he had turned himself and daughters into the street. That as to his state of health and mine we were unable to do anything for our support. His reply was, ‘ I told Sylvester that I should give you girls the fifty-nine acres of land in return for the mortgage which I gave up, which rightfully belonged to you, and I will do it right away, either by deed or will.’
“ I proposed that he do if by deed, to save expense of settling the estate. His objection was, lest we take it and walk off with it as the rest of the property had gone.
“ I then proposed that he give us the deed and for us not to take possession until his death. He said he would do so.”
This evidence was clearly improper under § 829 of the Code of Civil Procedure.
It was a personal communication between the defendant and her deceased grantor, against an administrator, and in direct violation of both the letter and spirit of that section.
It was upon a material issue, and it cannot be said that the court can see that it did not affect the result. White v. White, 62 N. Y., 80; Foote v. Beecher, 78 id., 35; Clark v. Vorce, 19 Wend., 233.
As the admission of this evidence must reverse this judgment it is unnecessary for us to discuss the other questions raised on this appeal.
Judgment reversed, referee discharged and a new trial ordered, costs to abide the event
Judgment affirmed, with costs.