(33 App. Div. 255.)

ASHER v. CASE.

(Supreme Court, Appellate Division, Third Department.　September 20, 1898.)

1. EVIDENCE—IMMATERIALITY.
　　In an action for the conversion of a bicycle, a dated receipt in full for the wheel, signed by one other than defendant, is inadmissible in evidence for the purpose of showing when plaintiff paid for the bicycle, as to which there was no controversy.

2. SAME—PREJUDICIAL ERROR.
　　The admission in evidence of the receipt, which was for $100, was prejudicial error, where the only question was as to the value of the bicycle, which plaintiff testified was $50, without stating what he had paid for it, and four witnesses for defendant placed it at from $10 to $20, and the verdict was for $45.

Action by Rutson E. Asher against Dell Case.　From a judgment for plaintiff rendered on a verdict of a jury in the Sullivan county court, and from an order denying a new trial, on the minutes, defendant appeals.　Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

W. W. Smith, for appellant.

H. B. Fullerton, for respondent.

PARKER, P. J.　The action is to recover for the conversion of a bicycle.　Upon the trial the plaintiff offered in evidence a receipt, of which the following is a copy:

"Hyde Park, N. Y., April 3, 1896.

"Received from Mr. Asher the sum of $100, in full for one Relay Special, to be delivered about April 15th or 20th, 1896.　　　J. M. Cummings."

—And stated that he offered it as the best evidence of when he paid for the bicycle.　Defendant objected to its reception, on the ground that it was "immaterial and incompetent, as there is no question in regard to the time the wheel was paid for."　The court received it for the purpose of showing the date, and the defendant thereupon excepted.　The whole receipt was then read in evidence.

It appears from the record that no question whatever was made over the ownership by the plaintiff of the wheel in question, nor as to

the time when he paid for it.    Indeed, no contradiction was made over his statement that he had had and used the wheel about 8 or 10 months.    As the case was tried, the time of his paying for the wheel was utterly irrelevant to any issue in the case.

It is also to be noticed that the plaintiff does not testify that this receipt was given to him at the time he paid for the wheel, nor that it was dated upon that day.    He does not even testify that it was the receipt which he received upon paying for the wheel.    As it went in evidence, it was but the declaration of a third party, and was therefore utterly incompetent as evidence of any statement in it.    There is nothing in plaintiff's testimony, nor anywhere in the case, that gives it any verity whatever.    It was therefore error to admit it, not only because it was immaterial to any issue presented, but also because it was incompetent.

But the question remains, was it harmful error?    The only question sent to the jury was as to the value of the wheel.    Plaintiff testified that it was worth $50.    Four witnesses on defendant's part, apparently disinterested, honest, and capable, testified that it was worth not to exceed $20.    Their valuation varied from $10 to $20.    Evidently the statement contained in the receipt, that the plaintiff paid $100 for that wheel in April, 1896, was calculated to seriously influence the jury in determining upon its value, and, although it was received merely for the purpose of showing the date, its effect is, I think, apparent in their verdict of $45 as the value of the wheel.    By putting in this paper, under the pretense of establishing an utterly immaterial fact, plaintiff gets before the jury an unsworn statement that he gave $100 for the wheel.    I think there can be no doubt but that the paper was calculated to prejudice the defendant, and, inasmuch as it was erroneously admitted, there must be a new trial of this case.

Judgment and order reversed, and a new trial granted, costs to abide the event.    All concur.