WILLIAM NUSSBAUM, Respondent, *v*. FRANK JORDAN, Appellant.

(County Court, Rensselaer County, January, 1899.)

Evidence — Sale — Entry in ledger, not kept by vendor, showing date of sale, is inadmissible.

Where, in an action for goods sold, in which the fact of the sale was closely contested, the court permits the plaintiff to prove, upon the redirect, an entry in a ledger kept by his son showing the transaction with the defendant and the entry is admitted only to show the date of the sale, a judgment for the plaintiff must be reversed, as it cannot be said that the evidence, inadmissible as the unsworn declarations of a third party, did not bear in some degree upon the result.

APPEAL from a judgment in favor of plaintiff, rendered by the City Court of Rensselaer.

Daniel J. Dugan, for appellant.

T. Almern Griffin, for respondent.

NASON, J. This is an appeal from a judgment of the City Court of Rensselaer, rendered in favor of the plaintiff for the sum of $32.87.

The plaintiff's cause of action originated in an alleged sale and delivery of 450 cigars to the defendant in the month of December, 1892. The defendant pleaded a general denial, afterwards amending his answer so as to interpose the defense of the Statute of Limitations. When the case came on for trial, it does not appear that the defendant insisted very strongly on this latter defense. Virtually the only issue was whether the defendant had bought the cigars as alleged by the plaintiff.

The plaintiff, who is the owner of the shop, and his son, who was working for the father at the time of the alleged transaction, were called as witnesses and gave evidence tending to establish a sale at which, according to their version, they were both present. The defendant denied that he had ever taken any part in any such transaction, and it does not appear from his evidence that he ever visited the plaintiff's store, except on one occasion, when he went there to pay a bill for his brother. Upon the redirect examination of the plaintiff his counsel asked the following questions:

" Q. Is there an entry or memorandum in that ledger of the date upon which this alleged transaction or sale to the defendant took place?

" Objected to by defendant's counsel as improper, incompetent, hearsay and not proper on redirect-examination, and witness cannot testify from ledger, and that the proper foundation to enable witness to testify from any memorandum has not been laid.

" Overruled. Exception.

" A. Yes, sir.

" Q. (Plaintiff's counsel — You may find it.) In whose handwriting is that entry?

" Objected to as incompetent, improper, not part of the redirect examination.

" Overruled. Exception.

" A. In my son Otto's.

" Q. That entry made in that ledger is what you relied upon to fix the time of the transaction?

" Objected to as before.

" A. Yes, sir.

" Plaintiff's counsel offers in evidence so much of page 65 of plaintiff's ledger as shows the entry to the defendant, fixing the date of December 19th, and as referring only to said date so far as this transaction is concerned.

" Objected to as incompetent, improper, hearsay and no proper part of the redirect examination, and that no proper foundation for reception in evidence has been laid.

" Objection overruled. Exception. Admitted in evidence."

Argument showing the inadmissibility of this evidence under objection on the ground that the evidence was hearsay and the declaration of a third party not under oath would be superfluous. It only remains to determine whether this error was of such gravity as to affect a substantial right of the defendant, as to go to the merits of the cause, and to, therefore, require a reversal of the judgment in favor of the plaintiff by this court.

The rule is that error in the admission of incompetent evidence, even though cumulative, is fatal to a judgment on appeal unless it is clear beyond a rational doubt that the result was not and could not have been affected thereby.

" If the evidence could not possibly have injured the defendant, the error might be disregarded, but when illegal evidence is admitted which bears in the least degree on the result, it is fatal." Baird v. Gillett, 47 N. Y. 186.

If, therefore, this incompetent evidence bore in the least degree on the result, it must have also certainly impaired a substantial right of the defendant, and affected the merits of the action, and the judgment should not stand.

In view of this error, it is not enough that the weight of evidence seems to the appellate court to preponderate in favor of the plaintiff, or that it does not appear that the defendant was prejudiced by the objectionable evidence. The presumption is that such evidence is injurious to the party against whom it is offered, and this presumption can only be overcome by showing that its admission was in fact harmless. Can it be said in this case when the evidence was so conflicting, that the incompetent evidence received may not have turned the scales in plaintiff's favor? The plaintiff stated, in offering this evidence, that it was only for the purpose of " fixing the date " of the transaction; his purpose, however, is better indicated in the nature of the conclusion to be drawn from

such testimony than in his offer of proof. The probative force of matter given in evidence cannot in the nature of things be always limited to the ends for which counsel state they intend to, but it often assumes a wider scope. So, here, the mere entry of a certain date "December 19, 1892," in plaintiff's ledger, standing alone, would have been meaningless, as far as throwing any light upon the issues of this action are concerned; and the specification of this date only acquires significance when read in connection with the remainder of the entry. It would be idle to contend that only the entry of the date was to be taken into consideration by the court, for that is absolutely insignificant in itself. But the plaintiff must have intended to show that what he alleged in his complaint happened on December 19, 1892, and to establish this the whole entry was virtually received in evidence and so must have had some weight in convincing the court that a sale and delivery did actually take place, which is the very point in issue. As long as this evidence must have influenced the justice to an appreciable extent, it is unnecessary to determine whether its weight was great or little. The authority of reasoning and the reasoning of the authorities both point to the same conclusion that the judgment should be reversed.

The Appellate Division in this Department have recently had occasion to state and apply the principles just outlined in a case involving facts very similar to those now before the court.

" Where, in an action to recover damages for the conversion of a bicycle, no question is presented as to the plaintiff's ownership of the wheel, nor as to the time when he paid for it, and the only issue submitted to the jury relates to the value, a receipt given to the plaintiff, dated April 3, 1896, for ' the sum of one hundred dollars in full for one Relay Special, to be delivered about April 15th or 20th, 1896,' is not competent evidence in his behalf, being the unsworn declarations of a third party, and, therefore, hearsay; and, it being calculated to seriously influence the jury in determining as to the value of the wheel, its reception affords sufficient ground for granting a new trial, although it was received by the court merely for the purpose of showing the date of the purchase of the wheel." Asher v. Case, 33 App. Div. 255.

The necessity of the application of the rules above enunciated seems more urgent on this appeal than in Asher v. Case, because in this case it would be an impossible feat of thought to give weight to a mere entry of the date as bearing in any way on the issue, and

at the same time ignore the remainder of the entry, which, if true, was decisive of the merits of the action; whereas, in the latter case the mere date of a sale of the bicycle, coupled with the admitted facts, would have been, at least, intelligible after the prejudicial part, viz., the statement of the value of the bicycle had been eliminated.   Nor do I think that the circumstance that a jury was waived in this case, and that there is no jury to be influenced by putting in evidence an unsworn paper, would change the result of this reasoning.   The city judge was acting as both court and jury and it is quite likely that the testimony may have influenced his judgment in both capacities.   As a matter of fact the date of the alleged transaction was immaterial, just as the entry of the ledger was incompetent, but the justice could not have regarded these things as immaterial or incompetent; else he would have excluded them upon objection.

Judgment reversed, with costs.