ROBERT S. HOWARD, Appellant; *v.* IRA VAN GIESON, Respondent.

*Issue as to whether a note had a valuable consideration — proof that the consideration of the note became of no value after it was made.*

In an action to recover the amount of a promissory note from an indorser thereof, the plaintiff contended that the note was given to him as the consideration for a transfer of 300 shares of stock to the maker thereof. One of the issues in the case was whether the note was given to the plaintiff by the maker thereof for a valuable consideration, or whether it was given to him simply that it might be used to enable him to raise money. In the course of the defendant's examination he testified that the sales of stock, made during the lifetime of the maker of the note, were at the rate of from eight to twelve dollars a share; he was then allowed, over the objection of the plaintiff, to testify that after the death of the maker of the note the stock had no market value.

*Held,* as it was not unlikely that the jury might consider, in view of this evidence, that in fact the plaintiff had given nothing for the note, and would practically lose nothing if he failed to recover upon it, that its admission constituted a material error, requiring a reversal of the judgment.

APPEAL by the plaintiff, Robert S. Howard, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 26th day of April, 1900, upon the verdict of a jury, and also from an order

entered in said clerk's office on the 26th day of April, 1900, deny-ing the plaintiff's motion for a new trial made upon the minutes.

*William B. Ellison,* for the appellant.

*John L. Linehan,* for the respondent.

RUMSEY, J. :

The action was brought on a promissory note dated the 5th day of January, 1898, made by one Starbird to the plaintiff and indorsed by the defendant. When it fell due it was presented for payment but was dishonored. A notary prepared notices of protest in the proper form and addressed them to the plaintiff, the payee of the note, at his place of residence. One of these notices was for the plaintiff himself, and the other was intended to be for the defend-ant, but the notary, instead of addressing it to Ira Van Gieson, addressed it to "Waran Gilson," which was his reading of the sig-nature on the back of the note. It was not denied that this notice of protest was never received by the defendant, and that in fact no notice of the dishonor of the note was given to him until the 9th day of July, 1898, when a letter calling his attention to the fact that the note had been dishonored was sent to him by the plaintiff, but he never received a notice in the proper form as required by the statute. The court properly charged the jury as to what excused the delay in giving notice of protest under the provisions of the Negotiable Instruments Law. (General Laws, chap. 50,* §§ 183, 184.) The defendant insists that this note was made solely for the accom-modation of the plaintiff, who was the payee named in it, and that he was not liable to Howard upon it under the rule established in subdivision 3 of section 114 of the Negotiable Instruments Law. That rule is that " where a person, not otherwise a party to an instru-ment, places thereon his signature in blank before delivery he is liable as indorser in accordance with the following rules : * * * 3. If he signs for the accommodation of the payee he is liable to all parties subsequent to the payee." If this note, therefore, had been made for the accommodation of Howard, the defendant would be liable only to parties subsequent to him, and not to him. Therefore, whether the note was given to Howard by Starbird for a valuable

---

* Laws of 1897, chap. 612.

consideration, or whether it was given to him simply that it might be used to enable him to raise money, was a material question under that section. The court properly charged the jury upon this point. No fault can be found with any of the directions given by the court, and this appeal is based solely upon the ground that immaterial and irrelevant evidence was admitted on the trial.

The plaintiff gave evidence to show that the note was given to him for 300 shares of stock of the Starbird Manufacturing Company, which he transferred to Starbird. In the course of the defendant's examination he was asked as to the value of this stock of the Starbird Manufacturing Company, and he testified that he knew of sales having been made of the stock during Starbird's lifetime for eight dollars, ten dollars and even twelve dollars a share, so so that it was fair to assume that the stock which was transferred by the plaintiff to Starbird, if any was transferred, was of a very considerable value. . It had appeared that Starbird had died in June after this note became due. After testifying as to the value of the stock on the date of the note, the defendant was asked whether it had any market value after Starbird's death. This question was objected to as incompetent and immaterial, but the objection was overruled, and against the plaintiff's exception he was permitted to answer that it had gone to pieces; it was no good at all; it had gone into the hands of a receiver. It is quite clear that the question was immaterial, because if the note was given for the stock in January, 1898, the value of the stock at that time was the only thing material. Therefore, immaterial evidence having been received, the judgment must be reversed unless it appears satisfactorily that no harm can have come to the plaintiff by its admission. (*Baird* v. *Gillett*, 47 N. Y. 186; *Baird* v. *Daly*, 68 id. 547.)

I do not think that we can assume that this testimony was not harmful to the plaintiff. The claim upon which he bases his contention that the defendant was liable upon this note, is that it was transferred to him for a valuable consideration, and unless the jury found that fact they would be not only at liberty but would be required to find that the indorser of the note was not liable to him under the provisions of subdivision 3 of section 114 of the Negotiable Instruments Law.

When it was made to appear in the case that the stock which the

plaintiff claimed he delivered as a consideration for the note, had actually become of no value, it is not unlikely that the jury might consider that in fact the plaintiff had given nothing for the note, and had practically lost nothing if he failed to recover upon it. The evidence having been in the case, we cannot say that the jury did not consider it to some extent, and for that reason its admission was harmful error, and the judgment and order must be reversed, and a new trial ordered, with costs to appellant to abide event.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and MCLAUGHLIN, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.