## HOWARD v. VAN GIESON.

(Supreme Court, Appellate Division, First Department. December 21, 1900.)

NOTES—EVIDENCE—HARMLESS ERROR.
> The material question being whether a note was indorsed for accommodation of the payee, or was based on a consideration as between the maker and payee, the admission of evidence that the property given in consideration afterwards became of no value was prejudicial error, as it might have influenced the jury to conclude that plaintiff had in fact given nothing for the note, and hence would lose nothing if he failed to recover on it.

Appeal from trial term, New York county.

Action by Robert S. Howard against Ira Van Gieson. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

William B. Ellison, for appellant.
John L. Linehan, for respondent.

RUMSEY, J. The action was brought on a promissory note dated the 5th day of January, 1898, made by one Starbird to the plaintiff,

and indorsed by the defendant. When it fell due it was presented for payment, but was dishonored. A notary prepared notices of protest in the proper form, and addressed them to the plaintiff, the payee of the note, at his place of residence. One of these notices was for the plaintiff himself, and the other was intended to be for the defendant; but the notary, instead of addressing it to Ira Van Gieson, addressed it to "Waran Gilson," which was his reading of the signature on the back of the note. It was not denied that this notice of protest was never received by the defendant, and that in fact no notice of the dishonor of the note was given to him until the 9th day of July, 1898, when a letter, calling his attention to the fact that the note had been dishonored, was sent to him by the plaintiff; but he never received a notice in the proper form as required by the statute. The court properly charged the jury as to what excused the delay in giving notice of protest under the provisions of the negotiable instruments law (Gen. Laws, c. 50, §§ 183, 184). The defendant insists that this note was made solely for the accommodation of the plaintiff, who was the payee named in it, and that he was not liable to Howard upon it, under the rule established in subdivision 3 of section 114 of the negotiable instruments law. That rule is that, "when a person not otherwise a party to an instrument places thereon his signature in blank before delivery he is liable as indorser in accordance with the following rules: * * * (3) If he signs for the accommodation of the payee he is liable to all persons subsequent to the payee." If this note, therefore, had been made for the accommodation of Howard, the defendant would be liable only to parties subsequent to him, and not to him. Therefore, whether the note was given to Howard by Starbird for a valuable consideration, or whether it was given to him simply that it might be used to enable him to raise money, was a material question under that section. The court properly charged the jury upon this point. No fault can be found with any of the directions given by the court, and this appeal is based solely upon the ground that immaterial and irrelevant evidence was admitted on the trial. The plaintiff gave evidence to show that the note was given to him for 300 shares of stock of the Starbird Manufacturing Company, which he transferred to Starbird. In the course of the defendant's examination he was asked as to the value of this stock of the Starbird Manufacturing Company, and he testified that he knew of sales having been made of the stock during Starbird's lifetime for $8, $10, and even $12, a share; so that it was fair to assume that the stock which was transferred by Starbird to the plaintiff, if any was transferred, was of a very considerable value. It had appeared that Starbird had died in June after this note became due. After testifying as to the value of the stock on the date of the note, the defendant was asked whether it had had any market value after Starbird's death. This question was objected to as incompetent and immaterial, but the objection was overruled, and, against the plaintiff's exception, he was permitted to answer that it had gone to pieces; it was no good at all; it had gone into the hands of a receiver. It is quite clear that the question was immaterial, because, if the note was given for the stock in January, 1898, the value of the stock at that time was the

only thing material. Therefore, immaterial evidence having been received, the judgment must be reversed, unless it appears satisfactorily that no harm can have come to the plaintiff by its admission. Baird v. Gillett, 47 N. Y. 186; Same v. Daly, 68 N. Y. 547. I do not think that we can assume that this testimony was not harmful to the plaintiff. The claim upon which he bases his contention that the defendant was liable upon this note is that it was transferred to him for a valuable consideration, and, unless the jury found that fact, they would be not only at liberty, but would be required, to find that the indorser of the note was not liable to him under the provisions of subdivision 3 of section 114 of the negotiable instruments law. When it was made to appear in the case that the stock which the plaintiff claimed he delivered as a consideration for the note had actually become of no value, it is not unlikely that the jury might consider that in fact the plaintiff had given nothing for the note, and had practically lost nothing if he failed to recover upon it. The evidence having been in the case, we cannot say that the jury did not consider it to some extent, and for that reason its admission was harmful error, and the judgment and order must be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.