## FORD v. ROCKWELL.

PLEADING — *when declaration should be special.* If one take his nephew to the house of another, and request the latter to provide board, clothing and other necessaries for the nephew and promise to pay for the same (there being nothing to show a promise by the nephew), this is not a collateral undertaking, and it is not necessary to declare upon it specially. When the contract has been fully performed by the plaintiff, he may recover on the common counts for goods furnished and for services rendered.

DEPOSITION — *by whom taken.* A dedimus or commission to take the testimony of a non-resident witness, issued pursuant to the statute (R. S. 311), confers authority upon the person to whom it is directed to administer an oath to the witness, and it may be directed to any one for that purpose selected, although such person is not an officer of the State or territory where he resides, or of this territory.

### *Appeal from District Court, Arapahoe County.*

THE declaration contained only the common counts, and the trial was upon the general issue.

Appellant moved to suppress the deposition of David S. Rockwell, the present appellee, and the plaintiff below, upon the ground that it was taken in the State of Connecticut by one Lee, who was not, at the time of taking the same, a justice of the peace, or other officer of the State of Connecticut, having authority to administer oaths. Nor was he a commissioner appointed by the governor of this territory pursuant to the statute (R. S. 114). There was nothing in the commission or the return thereto, to show that he was such officer, and obviously he had no other authority than was conferred by the commission itself. The motion was overruled, and appellant excepted.

Mr. L. B. FRANCE, for appellant, who relied very much on *State* v. *Langley*, 34 N. H. 532, in support of the motion to quash the deposition.

Messrs. BROWNE & PUTNAM, for appellee.

BELFORD, J. The declaration contained only the common counts. It appears from the record that in the fall or summer of 1866, the appellant took his nephew, Frank Ford, to the house of the appellee at New Canaan, Conn., and desired Rockwell to receive the said nephew as a boarding scholar. Ford agreed to pay $350 for two terms, of 22 weeks each, which said amount was to cover board, washing and tuition of Frank during the 44 weeks of each year. Rockwell was further required to supply the said Frank with clothing, boots, shoes and books, and all other things needed for his comfortable maintenance and for the prosecution of his studies ; and the said Hiram F. Ford agreed to pay for the same. It is claimed that the declaration should have been special. We think not. When the contract has been performed the plaintiff may recover on simple contract the price of the services under an *indebitatus assumpsit*, but the contract must regulate the amount of the recovery. *Bank of Columbia* v. *Patterson's Adm'rs*, 7 Cranch, 299. The promise in this case was a direct undertaking on the part of Ford and not a collateral one.

It is claimed that, inasmuch as the deposition used on the trial was taken before an unofficial person, he had no power to administer an oath to the witness. The statute authorizes the issuing of commissions to such persons, and their appointment as commissioners carries with it all power necessary to execute the commission. It is claimed that the damages are excessive. Rockwell testifies that Ford was indebted to him in the sum of $350. There is no evidence to the contrary, and this amount the jury found due.

The judgment of the court below is

*Affirmed.*