## DEXTER v. COLLINS ET AL.

21   455
26   248

21   455
d32   76

21   455
h37   526

1. EVIDENCE.

Where the testimony of the parties to an action upon an alleged contract of employment is directly contradictory, evidence of circumstances existing at the time the contract is alleged to have been made which tend to show that the making of the agreement would have been unreasonable on part of defendant may be given in corroboration of his statement.

2. SAME.

The fact that a contract exists, though not enforceable under the statute of frauds, the existence of which would tend to corroborate the statements of defendant, is competent evidence and relevant for that purpose.

3. STATUTE OF FRAUDS, BY WHOM AVAILABLE.

The objection that a verbal option or naked promise to sell real estate is not enforceable cannot be raised by a stranger to the transaction.

4. EVIDENCE.

It may be shown by defendant, in an action to recover commissions for the sale of real estate, where his testimony is in conflict with that of the plaintiff on the question of employment, that for fifteen months after the alleged sale plaintiff made no demand for a commission.

5. INTEREST.

Interest is not recoverable upon an unliquidated demand.

6. SAME.

Interest is a creature of the statute. It was error to allow it in this case, even if the jury found that there was an express agreement to pay a definite commission.

*Appeal from the District Court of Arapahoe County.*

THIS was an action by the appellees, as plaintiffs below, to recover from the appellant, as defendant, commissions alleged to be due on the sale of defendant's real estate by plaintiffs. The complaint stated an express contract between the parties, whereby the defendant agreed to pay the plaintiffs the sum of $2,500 for procuring a purchaser to buy the defendant's property at the agreed price of $100,000.

At the close of the plaintiffs' testimony, leave was asked by them, and granted by the court, to amend the complaint

by inserting a second cause of action based upon a *quantum meruit* for the same services. There was a denial in the answer. of the allegations of the complaint concerning the contract and as to the performance of the services. Upon trial to a jury a verdict against the defendant was returned, upon which the court entered judgment for $2,500 and interest, from which the defendant brings his appeal to this court.

Mr. CLINTON REED, for appellant.

Messrs. ROGERS, SHAFROTH & WALLING, for appellees.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

Numerous errors are assigned, but we shall consider only three of them, as their determination necessitates a reversal of the judgment. There was a direct conflict between the testimony of Shackelford, one of the plaintiffs, and the defendant Dexter, as to the making of the contract for the services of the plaintiffs as brokers to sell the defendant's real estate. Shackelford testified that the defendant employed the plaintiffs to sell the property in question for $100,000, and agreed to give them as a commission for the sale 2½ per cent of the selling price, or the sum of $2,500. This the defendant denied.

As a circumstance tending to show that the contract sued on was not made by him, Dexter testified that prior to the time when the plaintiffs allege that their contract was entered into with him, he had given an option on the property for the net price of $100,000, which did not expire until the first of the following January, and gave that as one reason why he could not sell to another. Defendant's counsel then offered to show by his own testimony, and by that of Mr. Sullivan, who held the option, that at the time Sullivan was able and willing to buy the property at the price named. An objection was made by the plaintiffs, which the court sustained, and this ruling the defendant assigns as error.

Had there been no direct testimony for the defendant that the contract in question was not made by him,—the existence of which was one of the main issues involved,—possibly the rejection of this offer would not have been improper. But there was direct evidence by Dexter denying the making of the contract, and this testimony of Sullivan's would undoubtedly tend to corroborate the testimony of Dexter in that particular.

In the absence of proof to the contrary, it is fair to suppose that Shackelford and Dexter intended to tell the truth in their testimony. Presumably they stood equally credible as witnesses before the jury. Shackelford affirmed that Dexter employed him to sell his property for $100,000, and out of such sum to pay his commission of $2,500. Dexter denied this. It certainly would tend to render improbable the statement of Shackelford, and probable the claim of Dexter, if Sullivan should testify that prior to the time of the alleged contract between the plaintiffs and Dexter he had an option on the property, and then stood ready, able and willing to pay as net price therefor the sum of $100,000. In the natural course of things, a rational man would not enter into a contract whereby he was to receive only $97,500 for his property from one man, while at the same time he could get from another $100,000.

But the appellees insist that this option to Sullivan was a verbal option,—a mere naked promise,—and could not be enforced against him. We may remark that this could be taken advantage of only by Dexter, and appellees cannot insist upon it as something which inures to their benefit. But this circumstance does not render the testimony less relevant. At most, it goes only to the weight or sufficiency of the evidence, and while we cannot say what weight such testimony would have with a jury, we are clear that it was relevant, and should have been admitted, as it tended directly to establish a pertinent hypothesis of the case, and tended to corroborate and make more probable the statement of Dexter that he did not make the contract of employment, or offer to take

for his property, or to pay as commission, the respective sums to which Shackelford had testified, just as testimony that Sullivan held no option, or was unwilling or unable to buy the property under the option, would tend to make less probable Dexter's testimony concerning the contract with Shackelford.

Appellant further insists that the court erred in refusing to allow the defendant to testify that for fifteen months after the alleged sale the plaintiffs never made any demand for their commission. We think this a circumstance that was proper to be shown in this case, and relevant to other facts already in evidence. The case of *Baird v. Gillett*, 47 N. Y. 186, and kindred cases cited by appellees, are not in point, and are clearly distinguishable from the principle involved in this case. The case of *Baird v. Gillett, supra*, was one where a physician was sued for malpractice, and the plaintiff offered to prove that the defendant for eighteen months had presented no bill for his services. The court properly held that such evidence would not in any degree tend to prove or disprove care or want of skill by the physician, which was the sole issue in the case on trial. But if the case had been one for services rendered by the physician to a patient, and the issue had been the existence or nonexistence of a contract of employment for the rendering of the services, and there was a conflict in the direct evidence as to this issue, we apprehend that evidence to the effect that no bill had been presented by the physician for a long time would be relevant as bearing directly upon the issue involved.

We refer to this point, not that we deem the refusal of the evidence offered prejudicial error;—for, among other reasons, Shackelford admitted that he never made any demand of Dexter for his commission before bringing suit, and no evidence of such demand was before the jury;—but lest our silence might, in view of another trial, be taken as a sanction of this ruling of the court, it is proper at this time to express our disapproval of the same.

The following, among other cases, are cited in favor of

our ruling, particularly as to the first point discussed: Thompson on Trials, sec. 386 ; Wharton on Evidence, sec. 21; Greenleaf on Evidence (14th ed.), sec. 51 (*a*) ; *Cross v. Kistler*, 14 Colo. 571 ; *Paddleford v. Cook*, 74 Iowa, 433 : *Kenyon v. Kenyon*, 72 Wis. 234 ; *Stevenson v. Stewart*, 11 Pa. St. 307 ; *Furnas v. Durgin*, 119 Mass. 500 ; *Houghton v. Clough et al.*, 30 Vt. 312 ; *Bedell v. Foss*, 50 Vt. 97 ; *Luce v. Hoisington*, 56 Vt. 436.

When analyzed, the cases cited by appellees that this evidence is directed to an immaterial issue do not sustain the position assumed. Were it necessary, a distinction could easily be drawn between them and the case at bar. Neither is appellees' contention that this evidence is cumulative only, and hence its rejection harmless, sound. It was the only testimony of the character offered, and it was material.

The court instructed the jury that if they found for the plaintiffs, either under the express agreement or on the *quantum meruit*, in any amount, they should add interest thereto from the time the same became due, as to which the court told the jury there was no conflict, viz. December 31, 1889. This was error. We are unable to determine whether the jury found for the plaintiffs under the first or second cause of action. If under the second, the claim was for an unliquidated demand, and this court, under our former statute concerning interest, has held, in the case of *D., S. P. & P. R. R. Co. v. Moynahan*, 8 Colo. 56, that interest was not recoverable in such a case. Interest is a creature of the statute, and under our present statute relating to interest (Session Laws 1889, p. 206) there is nothing to change the rule laid down in the *Moynahan Case, supra*. Under all the authorities, even where interest is recoverable upon an unliquidated claim, it does not begin to run until the date of the demand. The beginning of the suit we do not deem equivalent to a demand in this case, and there is no pretense that demand for the commissions was made other than that alleged to be made as the result of the filing of the complaint. But if the beginning of the suit is equivalent to a demand, interest

should not run from the date the services were rendered, which was more than a year prior to the time of the demand.

If the jury had found for the plaintiffs under the express contract, possibly the awarding of interest would not require a reversal of the case, as we might ascertain what part of the judgment was the sum found to be due for services rendered, and what as interest; but considering the errors already discussed which require a reversal of the case, we do not feel disposed to make the required calculation.

For the foregoing reasons the judgment in this case is reversed and the cause remanded with instructions to proceed further in accordance with this opinion.

*Reversed.*