Wilson, J.
The object of this suit, instituted by appellees, was to re *482 cover brokers’ commissions alleged to have been earned by them in and about the leasing of certain real estate belonging to defendant Duncan. The lease was of a town lot for a term of five years, the consideration being the payment of a monthly rental of $100 during said term, and the erection on the lot of a building to cost $3,000, which should at the termination of the lease become the property of the lessor Duncan. The amount claimed for commission was $450, and the verdict of the jury and judgment were in favor of plaintiffs.
The defendant raises and discusses three questions on this appeal. First. Did the relation of principal and agent exist between appellant and appellees such as would authorize the latter to claim compensation for services performed ? Second. Was the charge made by the appellees reasonable? Third. Did the court err in refusing to give certain instructions asked by the appellant or in instructing the jury on the question of ratification? The first two questions may be easily disposed of upon the ground that they were matters of fact, to be submitted to and determined by the jury on the evidence. If they were so submitted, under proper instructions of the court as to the law, then the verdict having been rendered upon conflicting evidence as was the case, will not be disturbed by this court. The weight of the evidence seems to have supported the verdict as to the disputed facts; that the services for which plaintiffs claimed compensation were rendered by them, and that they were the procuring cause of the lease was undisputed. In such ease, the law favors that construction of the contract, if any, and that interpretation of the facts and acts of the parties as will best secure to the broker or agent payment of his commissions. Finnerty et al. v. Fritz, 5 Colo. 174.
The chief complaint of the defendant with reference to the instructions was the refusal of the court to instruct in substance, that when any real estate broker asks and obtains from an owner the price at which he is willing to sell or lease the same, this without more, does not establish the *483 relation of principal and agent, nor will the fact that the defendant subsequently consummated a bargain with a party introduced by plaintiff create a liability. This correctly expressed the general rule of law as it has been announced by our supreme court. Castner v. Richardson, 18 Colo. 496.
The instructions which the court did give, however, fairly expressed this rule to the jury, and in fact, instruction No. 4 stated it in very positive terms, as follows : “ To entitle the broker to commissions for his services, he must make it appear, by a fair preponderance of the evidence, that the services were rendered under an employment and retainer by the principal, or that the latter accepted his agency and ratified or adopted his acts. If he rendered the service as a mere volunteer, without any employment, express or implied, he cannot recover commissions.” There was some evidence from which a ratification might be presumed, but in no event, can we see how, under the facts disclosed, the defendant was prejudiced by what the court did say in reference to a liability being created by ratification. The court in a subsequent instruction stated in very plain terms the true rule as to when, and when only, a ratification of the unauthorized acts of an agent by the principal could take place. We do not see any material or prejudicial error in the instructions.
. This case was presented and tried upon the theory, that there was at no time any contract between the parties as to the amount of commissions that should be charged and received by the plaintiffs. In the course of the trial, however, it appeared from the testimony of Mr. Martin, one of the plaintiffs, that after he and his partner had secured a lessee for the property upon the terms proposed, he went from Cripple Creek, where the property was situated and where plaintiffs were engaged in business, to Colorado Springs, where the defendant resided, for the purpose of reporting to defendant and consummating the deal; that he upon that occasion told the defendant what the transaction was, what the rents should be, and what the commission would be. The defendant, it *484 appears, accepted the proposition, at least that was the legal effect of his subsequent acts, and thereafter had the necessary papers made out, turned them over to Mr. Martin who carried them with him to Cripple Creek, had them signed and the trade closed. Mr. Martin in his testimony does not seem to have testified what the amount of this commission was, as stated by him to the defendant, but the defendant in his testimony states that the first claim of compensation which the plaintiffs made to him was of the sum of #350. This testimony was uncontradicted, and, as we view the case, the plaintiffs were in no event entitled to recover a larger amount. All that was done by the defendant in furtherance of this lease was subsequent to this statement made to Mm by Mr. Martin. If it be said that it was simply an offer, still by the acts of the defendant it was accepted, it became a contract between the parties, and the plaintiffs could not charge any more for their services.
This being the only error, we do not consider it necessary to remand the cause. The judgment will be modified and judgment entered in this court, awarding the plaintiffs the sum of $350 and costs, the costs in tMs court to be taxed agamst the appellees.

Judgment modified and affirmed.