[No. 5417.]
[No. 3075 C. A.]

YOUNG v. KIMBER.

1. **Demand — When Necessary** — One who has collected money for another, is liable to an action therefor by the principal, without prior demand made.—P. 450.

2. **Interest — Moneys Detained**—Agent detaining moneys of his principal is not liable for interest unless such detention was without the principal's consent.—P. 453.

3. **Pleadings—Damages**—Plaintiff who would recover interest for the mere detention of money received by another for his use, must aver that the detention was without his consent.—P. 453.

*Appeal from Denver District Court.*
*Hon. John I. Mullins, Judge.*

Mr. DANIEL SAYRE, Mr. CHARLES P. BELL and Mr. J. A. BENTLEY, for appellant.

Messrs. THOMAS, BRYANT & MALBURN, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The complaint in this action alleged that the plaintiff was the owner of certain bonds issued by The Gunnell Gold Mining and Milling Company; that upon the first day of January, 1900, there were interest coupons due thereon amounting to $1,295.00; that the International Trust Company of Denver was in possession of the bonds and coupons for plaintiff and delivered them to the defendant for collection, and that upon the 8th of January, 1900, the defendant collected for the use and benefit of the plaintiff the sum of $1,295.00 on account of these coupons. The seventh paragraph of the complaint is as follows:

"That said defendant, having received said sum of $1,295.00 for the use and benefit of this plaintiff

and for and on her account, then and there promised and agreed to pay the same to her upon demand; yet the plaintiff says that though frequently so demanded, the said defendant has heretofore failed, neglected and refused, and still fails, neglects and wholly refuses to pay the said sum of money or any part or portion thereof to this plaintiff.''

The defendant filed an answer in which he admitted all of the allegations of the complaint except this seventh paragraph, which was denied. In a separate defense he pleads certain matters which are not material to this controversy, as we shall presently see, and this is also true of plaintiff's replication.

When the matter came on for trial in the district court, the plaintiff read the pleadings to the jury and stated that she was willing to rest her case upon the admissions contained in defendant's answer. Defendant likewise stated that he was willing to rest. The plaintiff then called defendant to the witness stand, and, after having asked him some preliminary questions, defendant's counsel objected to the testimony being taken, for the reason that both sides had rested, and any testimony which plaintiff would be entitled to introduce would be in rebuttal of that which defendant had introduced. Defendant not having introduced any testimony, there was nothing to rebut. Plaintiff admitted the correctness of this contention and withdrew the witness.

Plaintiff then moved that the jury be instructed to return a verdict for plaintiff, and defendant moved for a nonsuit. The court instructed the jury to return a verdict for plaintiff in the sum of $1,695.08, upon which verdict judgment was rendered.

All that portion of the verdict in excess of $1,295.00 was for interest.

The important question presented in this record is as to whether or not it is necessary to make a demand upon a party who has received money for the use of another before an action may be maintained to recover the same. There is apparently a great diversity of opinion on this question among the courts of last resort. This diversity is more apparent than real, however, each case seemingly having been determined upon its own peculiar facts. Upon receiving the money, it was defendant's plain duty to have remitted it to the plaintiff. There was an implied contract upon the part of the defendant that, upon the receipt of the money, he would deliver it to plaintiff, and a party is usually bound to perform his contracts without being first requested so to do, unless there be an express stipulation to the contrary. We are inclined to believe that no demand was necessary before the institution of the suit. That belief is supported by the following authorities:

In *Howard v. France,* 43 N. Y. 593, it was said by Mr. J. Allen:

"It is the duty of one who has received money to the use of another to pay it over, and no demand is necessary by the latter before action.

"No demand is necessary before bringing an action for money received to plaintiff's use, where it was the duty of the defendant to have remitted it."
—*Stacy v. Graham,* 14 N. Y. 492.

A., B., C. and D. were proprietors of a fishery, and B., who was called agent, treasurer and clerk, received the money for the sale of the fish, made the disbursements and kept the accounts. The accounts were settled and a balance struck in favor of the proprietors, but B. omitted to pay to D. the balance that belonged to him. Held, that D. might maintain an action in assumpsit against B. to recover the bal-

ance, without first making a special demand of payment.—*Robinson v. Williams,* 8 Met. 454.

S. H., the holder of a promissory note made by W. for $500.00, indorsed it to J. H., who, at the same time, gave the following receipt: "When S. H. shall pay me his note of $100.00, given by him this day to me, then I will deliver up to him a note for $500.00, which he has indorsed over to me." W. paid his note to J. H., and subsequently both S. H. and J. H. died. It was held, that upon the payment of W.'s note, the law, without any act upon the part of J. H., applied so much of the account as was necessary, in payment of the note of S. H.; that the residue might be recovered by the administrator of S. H. as money had and received to his use; that such action might be maintained without a special demand.—*Hunt v. Nevers,* 32 Pick. 500.

In that case the court also said:

"Upon the subject of interest, we can perceive nothing to take this case out of the ordinary rule, that where money is payable on demand and there is no contract or usage requiring it and the defendant is not a wrongdoer in acquiring or detaining it, interest is to be computed from the service of the writ only."

In *Hawley v. Sage,* 15 Conn. 51, it appears that Hawley, the plaintiff, had in his hands a draft of the bank of Charleston, South Carolina, on the Union Bank of New York in his favor, for one thousand dollars, two-thirds of which was his and the other belonged to the defendant. Defendant took this draft to collect and when collected was to divide the avails as above stated, and though he did collect it and did not deny that a reasonable time in which to pay the plaintiff his share had elapsed, yet he claimed that he was not bound to pay without a special request. The court said:

"As a general rule, a party is bound to perform his contracts, without being first requested so to do.; and, unless there be an express stipulation in the contract, that a request or demand of performance shall be made, or it be requisite from the peculiar nature of the bargain, none is essential to complete the cause of action. And where there is a precedent debt or duty, no request is in general necessary.

"Ordinarily a demand is necessary before bringing suit against an attorney for money collected by him; but where it has been collected a long time, and its retention is unexplained, or where the party collecting it has converted it to his own use, no previous demand is necessary."—*Chapman v. Burt,* 77 Ill. 337.

In *Field v. Brown,* 146 Ind. 293, it was said:

"In assumpsit for money had and received, where the complaint alleges the receipt of money by defendant for the use and benefit of plaintiff, it need not allege a demand."—Citing cases decided in Indiana, Wisconsin; 5th Bosw., 12th How. Prac. and other New York cases.

"In an action for money had and received to the use of the plaintiff, it is not necessary to allege a request or demand for the payment of the money. Such an allegation is usual, but not essential to the sufficiency of the complaint."—*Quimby v. Lyon,* 63 Cal. 394.

In this case, the case of *Reina v. Cross,* 6 Cal. 30, is distinguished, and the assertion therein made that a party receiving money to the use of another is rightfully in possession until the same is demanded, is pronounced *dicta.*

The next question presented is as to whether or not the court erred in instructing the jury to find a verdict for the interest as well as the principal. It is the rule that interest can only be recovered in this

state in the cases enumerated in the statute.—*Pettit v. Thalheimer,* 3 Col. App. 355; *Greeley S. L. & P. Ry. Co. v. Yount,* 7 Col. App. 189.

Our statute for the payment of interest is as follows:

"Creditors shall be allowed to receive interest when there is no agreement as to the rate thereof, at the rate of eight per centum per annum, for all moneys after they become due, on any bond, bill, promissory note or other instrument of writing, or on any judgment recovered before any court or magistrate authorized to enter up the same within this state, from the day of entering up said judgment until satisfaction thereof be made; also, on money due on mutual settlement of accounts from the date of such settlement, on money due on account from the date when the same became due, and on money received to the use of another and detained without the owner's knowledge."—Mills' Ann. Stats., § 2252.

The only clause in the foregoing section which allows interest for money had and received is one that provides for interest where the money is detained without the owner's knowledge. There is no allegation in the complaint that such was the fact in this case. The argument of counsel seems to be that interest should be allowed because the money was vexatiously withheld. At one time the law in this state authorized the allowance of interest in such cases, but that statute was repealed by the one now before us. We think the court erred in allowing interest, and the judgment will be reversed for that reason, and remanded with instructions to render another judgment for plaintiff in the sum of $1,295.00.     *Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GODDARD concur.