No. 9808.

THE WEST ELK LAND & LIVESTOCK COMPANY *v.* TELCK.

Decided February 6, 1922.

Action for injunction and damages. Injunction denied and judgment for plaintiff for damages.

*Modified and Affirmed.*

1. INJUNCTION—*Remedy at Law.* An injunction is properly denied where the plaintiff has a complete remedy in damages at law.

2. PLEADING—*Amendment*. A plaintiff who is permitted to amend his complaint "to conform with the proof", cannot complain of a judgment for damages which gives him the amount asked by the amendment.

3. INTEREST. It is the rule in this state that interest can only be recovered in the cases enumerated in the statute.

*Error to the District Court of Garfield County, Hon. John T. Shumate, Judge.*

Mr. C. W. DARROW, Mr. CALDWELL YEAMAN, for plaintiff in error.

Mr. J. W. DOLLISON for defendant in error.

MR. JUSTICE WHITFORD delivered the opinion of the court.

IN the trial court defendant in error was plaintiff, and the plaintiff in error was defendant. The parties will be designated as in the court below.

The plaintiff commenced his action in October, 1910, for injunctive relief and for damages. The court denied the injunction, but gave judgment for damages. The defendant brings error and the plaintiff assigns cross error.

It appears that one Samuel Egan, in 1888, settled upon a portion of the unsurveyed public lands of the United States and continued to occupy the same with his family until his death in 1900. In September, 1904, Egan's successors in interest quitclaimed their possessory rights and the improvements made by Egan to the plaintiff for the sum of eighty-five dollars. Prior to the purchase and settlement by plaintiff the Government established a forest reserve now known as the White River National Reserve, which embraced the lands claimed by plaintiff. Plaintiff was ordered to vacate by the officials of the Forest Reserve, and after three years' absence was reinstated and the lands claimed by him surveyed and segregated from the Reserve. In June, 1909, plaintiff filed his homestead entry and subsequently, on May 9, 1916, a patent was issued to him by the Government.

The defendant's grantor in April, 1906, initiated proceedings under the statutes and acts of Congress for a reservoir site for irrigation purposes, which included 7.21 acres claimed by the plaintiff and on which were situated his buildings and improvements. Plats of the reservoir were filed with and approved by the Secretary of the Interior. In June, 1911, the defendant completed the construction of the reservoir at a cost of about eleven thousand dollars. The waters of the reservoir flooded and destroyed plaintiff's buildings. In October, 1910, defendant commenced the construction of its reservoir to prevent which plaintiff, on October 24, 1910, filed his complaint against defendant for a temporary injunction and for $100 damages. A temporary injunction was ordered November 2, 1910, against defendant from interfering with plaintiff's property situated on said lands, upon condition that plaintiff execute an injunction bond in the sum of $500.00. Plaintiff failed to file the required bond, and no injunction was issued. The defendant filed a general demurrer and thereafter no proceedings whatever were had in the case for more than eight years, when, on December 6, 1918, which was two years after the issuance of plaintiff's patent and seven years after the completion of the reservoir, plaintiff filed an amended complaint alleging his damages at $100, and praying for an injunction the same as prayed for in his original complaint. The trial was to the court. The court denied the injunction and awarded in its findings damages in the sum of $400 and interest from October 12, 1910. By leave of court the plaintiff then amended his amended complaint by interlineation, increasing the averments of the *ad damnum* clause from $100 to $400, and had judgment entered for that sum.

The court very properly denied the injunction. The plaintiff had a complete remedy, in damages, at law. At the time of instituting his suit he was awarded a temporary injunction, but did not avail himself of it but delayed, without any reason for so doing, until the dam-

age was complete before he brought his case to trial.

The court awarded $400 damages in its findings and then gave plaintiff leave to amend his amended complaint. Thereupon plaintiff, after amending by interlineation, added the following: "Plaintiff by leave of court has amended his amended complaint by alleging damages in the sum of $400, said amendment being made to conform to the proof in said cause." After the court denied the injunction, plaintiff amended his amended complaint, fixing by averment the amount of his damages at $400, and the court entered judgment for the full amount demanded by him. He alleged that the amendment conformed to the proof. We think plaintiff can not now complain.

In entering judgment the court permitted the plaintiff to recover interest from October, 1910. This part of the judgment can not be sustained. It is the rule in this state that interest can only be recovered in the cases enumerated in the statute. *D., S. P. & P. R. R. Co. v. Conway,* 8 Colo. 1, 5 Pac. 142; *Young v. Kimber,* 44 Colo. 448, 98 Pac. 1132, 28 L. R. A. (N. S.) 626.

The judgment will be modified by the disallowance of interest. As thus modified, the judgment will be affirmed.

MR. JUSTICE TELLER and MR. JUSTICE DENISON concur.