No. 14,351.

SMITH-McCORD-TOWNSEND COMPANY *v.* CAMENGA.
(87 P. [2d] 751)

Decided February 20, 1939.

Mr. SAMUEL J. FRAZIN, for plaintiff in error.

Mr. JOSEPH J. CELLA, JR., for defendant in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

ACTION to recover $794.96 interest alleged to be due on open account. The trial court found that interest had been waived and dismissed the action. We are asked to reverse the judgment on writ of error. Parties appear as in the court below and will be so designated.

Plaintiff is a dry goods company in Kansas City, Missouri, and as such had been selling merchandise to defendant for several years on open account totaling approximately $7,500. Invoices accompanied each shipment on each of which, among other notations, was printed, "8% Interest charged after maturity." Plaintiff contends that the regular acceptance of the invoices constituted the agreement between them. The interest on past due accounts was never segregated and charged as such on the company's books, although there was some evidence that defendant had paid some interest on the account.

September 6, 1934, plaintiff wrote defendant (defendant's exhibit 1) as follows:

"Sept. 6, 1934.

"Mr. S. K. Camenga
"Fort Lupton, Colo.
"Dear Mr. Camenga:

"We received your remittance this morning in the amount of $25.00 and after crediting this on the account it still leaves the balance of $1,350.00. This amount must be cleaned up this year and if you only continue with

the payments you are making at this time you are only going to pay us approximately $400 by the end of this year as there are only 16 weeks left between now and the 31st of December.

"It is going to take approximately $85.00 per week to clean this up and I want you to start in now see that your checks are increased so that this balance can be taken care of. We feel that we have been very fair with you on this account and it is now up to you to do your part by getting it paid before the end of this year.

"Wish you would acknowledge receipt of this letter so that I will know exactly how to handle the account.

"Yours very truly,

"Roye Jones

"Credit Manager."

No response to this letter by defendant appears in the record, but he did make regular monthly payments on the account, with no further communication from the company. September 9, 1935, he sent plaintiff a check for $25.00, defendant's exhibit 2, on which appear the words, "acct. in full," and which was indorsed by plaintiff in Kansas City September 11th, and duly canceled as paid September 13, 1935.

There was some conflict in the evidence as to whether the notation, "acct. in full," was on the check when received by the company. Its credit manager did not say positively that it was not, but in answer to the interrogatory, "Did said check have written on the face thereof 'account in full?' he replied, "Not to my knowledge." We think the trial court was right in assuming, apparently, that it is the business of the credit manager of a mercantile corporation to be conversant with such matters. In any event the check was admitted in evidence without objection.

The company did nothing further concerning the matter until about two weeks after receipt of the check when, on September 25th, it wrote defendant asking for payment of the interest.

10

■ Assuming, as we must, that the $25 check before us did bear the words "acct. in full" when it was received by the company, two weeks was an unreasonable length of time to delay making any objection or protest if the check were not to be accepted for what it purported to be; consequently, we are of the opinion that the company waived any further right to exact interest.

■ "When one party presents to another a bill for a book-account of a certain amount [defendant's exhibit 1] and the other thereafter returns the bill with his check in payment [defendant's exhibit 2], which is accepted and the bill [check] returned with the endorsement thereon that he receives the amount as payment in full of above account, we think this establishes a complete settlement of the account, barring fraud and mistakes." *Bassick Co. v. Beardsley*, 49 Colo. 275, 279, 112 Pac. 770. No fraud or mistake was alleged or shown in the case before us.

■ The statute, section 2, chapter 88, volume 3, '35 C. S. A., allowing interest on items of this kind must be strictly construed. *Patten v. Am. Nat. Bank*, 15 Colo. App. 479, 63 Pac. 424.

Judgment affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE BURKE concur.