No. 19,093.

HINTON H. HUNTER, ET AL. *v.* ARTHUR R. WILSON.
(362 P. [2d] 553)

Decided June 5, 1961.

Mr. CARL M. SHINN, for plaintiffs in error.

Mr. JOHN C. STATLER, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE FRANTZ.

WILSON sued the defendants for $1,226.00, and interest thereon from February 20, 1957, for labor and services performed under a contract. Rates of pay for several types of work and the number of hours spent in the performance thereof were alleged, after which Wilson averred:

"That the total *agreed compensation* for the above items, and their *reasonable value,* is $3,776.00. That on account of same defendants have paid the total sum of $2,550.00, leaving a balance owing by defendants to plaintiff of $1,226.000 . . ." (Emphasis supplied.)

During the year 1956 Wilson performed four separate jobs for the defendants. Only one item in the second job is in dispute. A part of Wilson's proof on the controverted matter showed the agreed price for the same service on the first job and on the two subsequent jobs. Based on the evidence, a balance of $1,226.00 was shown to be due Wilson.

At the conclusion of the evidence, the court made extensive findings upon which it entered a judgment in favor of Wilson for $1,226.00 and interest. In the course of the findings and judgment, the court found that the only dispute between the parties related to the use of the tractor and the charge therefor on the June job. This

dispute was resolved favorably to Wilson, the court finding the sum charged to be "fair and reasonable * * for work and services performed . . ." Apparently a final payment in the sum of $300.00 had been made on February 20, 1957, and the court charged the defendants with interest on the balance found due from that date.

Errors in three respects are asserted as grounds for reversal. They are: (1) that the trial court erred in awarding interest from February 20, 1957; (2) that the trial court erred in the admission of certain evidence; and (3) that the evidence was insufficient to justify findings and judgment in favor of the plaintiff. We will dispose of these three contentions in the order mentioned.

■ 1. We find no authority for allowing interest in this case. Creditors shall be allowed to receive interest "on money due on mutual settlement of accounts from the date of such settlement, on money due on account from the date when the same became due . . ." C.R.S. '53, 73-1-2. This statute, allowing interest on book accounts, "must be strictly construed." *Smith-McCord-Townsend Co. v. Camenga,* 104 Colo. 7, 87 P. (2d) 751. It has been held "that interest can only be recovered in the cases enumerated in the statute." *West Elk Land & Livestock Co. v. Telck,* 71 Colo. 79, 205 Pac. 270.

Keeping in mind that the trial court resolved the disputed matter on the basis of a fair and reasonable charge for work and services, it becomes necessary to determine whether interest thereon comes within the terms of the statute. Such a claim so cast by the trial court is an unliquidated demand. *Dexter v. Collins,* 21 Colo. 455, 42 Pac. 664; *El Paso County v. Flanigan,* 21 Colo. App. 467, 122 Pac. 801.

In *El Paso County v. Flanigan,* supra, the plaintiff sought to recover a judgment against the defendant "for work and labor performed, services rendered, and tools and supplies furnished in building a wagon road . . ." The court said:

"The court properly refused to allow interest on the claim. Interest in this state is a creature of statute and regulated thereby. It is only recoverable in the absence of contract in the cases enumerated in the statute. [Citing cases.] The case at bar does not come within the statute as to allowance of interest. The claim was unliquidated."

Equally to the point and equally controlling is this language from the case of *Dexter v. Collins,* supra:

"The court instructed the jury that if they found for the plaintiffs, either under the express agreement or on the *quantum meruit,* in any amount, they should add interest thereto from the time the same became due, as to which the court told the jury there was no conflict, viz. December 31, 1889. This was error. We are unable to determine whether the jury found for the plaintiffs under the first or second cause of action. If under the second, the claim was for an unliquidated demand, and this court, under our former statute concerning interest, has held, in the case of *D., S.P. & P.R.R. Co. v. Moynahan,* 8 Colo. 56, that interest was not recoverable in such a case."

■ 2. We have considered the evidence against which objection was made in the course of the trial and upon which error is predicated in this court. The evidence was not admissible, but when we note that a trial court has before it a substantial body of competent evidence sustaining its findings and judgment, we should not reverse as a general rule. *Vanadium Corp. v. Wesco Stores,* 135 Colo. 77, 308 P. (2d) 1011. Viewed in context, we believe that the trial court was in no manner influenced by the objectionable evidence.

2. The law which we find applicable contains a complete answer to the contentions of the defendants made in support of their third ground for reversal. The cited law has a direct bearing on a case for recovery for work and services in which there are commingled allegations regarding an agreement as to charges and the reasonable

value thereof. These cases are equally appropriate to consider in connection with the findings and judgment entered upon such a claim and based upon the fair and reasonable value of such work and services.

The plaintiff could with propriety introduce in evidence an express contract under a *quantum meruit* count. *Wallace v. Dillon,* 71 Colo. 224, 205 Pac. 950. "When the contract has been performed the plaintiff may recover * * * the price of the services under an *indebitatus assumpsit,* * * * ." *Ford v. Rockwell,* 2 Colo. 376.

In a suit presented and tried upon the basis of whether the charge was reasonable, during which testimony of an agreement containing terms was received, it was held proper to permit recovery for services rendered on the basis of reasonableness of the charge, provided it did not exceed the amount specified in the contract. *Duncan v. Borden,* 13 Colo. App. 481, 59 Pac. 60. *McQuown v. Cavanaugh,* 14 Colo. 188, 23 Pac. 341, contains language indicative of a rule that operates under a previous contract fixing the charge for services tends to establish the reasonable value of such services under a later contract.

It would thus appear that the trial court had evidence before it justifying a determination that the charge of Wilson was fair and reasonable. It could consider, as establishing such fair and reasonable value, the price fixed by the contract said by Wilson to be in existence; it could consider the prior contract, in which the charges for such services were admitted, as establishing a fair and reasonable value for such services in connection with the disputed item in the later contract. The court had evidence to sustain it concerning the need for and supplying of such services.

The judgment is ordered modified by eliminating the allowance of interest, and as so modified, it is affirmed.

MR. CHIEF JUSTICE HALL and MR. JUSTICE DAY concur.