Frank DENNIS, Plaintiff,

v.

T. O. BRADBURY and N. B. Burt,
Defendants.

Civ. A. No. 6480.

United States District Court
D. Colorado.

Feb. 16, 1965.

Yegge, Hall & Shulenburg, Robert B. Yegge, Denver, Colo., and Looney, Watts, Looney & Nichols, Oklahoma City, Okl., for plaintiff.

Emory L. O'Connell, and Robert J. Enochs, Fred M. Winner, Denver, Colo., and Cecil R. Ditsch, Littleton, Colo., for defendants.

DOYLE, District Judge.

The above cause is before the Court once again on an unfinished matter which it is hoped will at last bring the matter to completion.

Following the Court's decision on the merits, entered December 23, 1964 (236 F.Supp. 683), the plaintiff submitted a judgment which encountered objections based on that part of it which awarded interest from the date of filing of the action, a date which reaches far back into another legal era, this case being one of our oldest.

It is to be recalled that the original action sought statutory treble damages for usury. However, after long years of interlocutory scrimmaging, and when the case had at last come on for trial on the merits in recent months, the plaintiff dropped this demand and limited his claim to one for single damages in *quantum meruit*. Therefore, the question is whether under the law of Colorado interest is or can be awarded where a recovery is had in *quantum meruit*.

This is a diversity action which is governed substantively by the law of Colorado and this includes the right to interest. In Colorado, interest is wholly a creature of statute and thus is not allowable on a common law or equity basis. See Hawley v. Barker, 5 Colo. 118 (1879); Denver S. P. & P. R. Co. v. Conway, 8 Colo. 1, 5 P. 142 (1884); Hunter v. Wilson, 147 Colo. 36, 362 P.2d 553 (1961). See also Mitton v. Granite State Fire Ins. Co., (10 Cir. 1952) 196 F.2d 988, 992.

Neither usury nor actions in *quantum meruit* are enumerated in the Colorado interest statute, C.R.S. '63, 73–1–2, which provides:

"Creditors shall be allowed to receive interest, when there is no agreement as to the rate thereof, at the rate of six per cent per annum, for all moneys after they become due, on any bill, bond, promissory note or other instrument of writing, or on any judgment recovered before any court or magistrate

authorized to enter the same within this state, from the day of entering said judgment until satisfaction thereof be made; also on money due on mutual settlement of accounts from the date of such settlement, on money due on account from the date when the same became due, and on money received to the use of another and retained without the owners' consent, expressed or implied, from the receipt thereof; and on money taken or retained and fraudulently converted to the taker's use from the time of taking."

The only clause which could be conceivably applicable is that which allows interest "on money received to the use of another and retained without the owners' consent, expressed or implied * * *" This clause does not authorize the award of interest in a money had and received case. See Young v. Kimber, 44 Colo. 448, 98 P. 1132, 28 L.R.A., N.S., 626. There the defendant was given interest coupons for the purpose of collecting the same for the plaintiff. The collection was made but defendant failed to remit these amounts. The action was brought and interest was claimed under the clause mentioned above which has been changed somewhat, but the modification does not broaden the right to interest; if anything, it narrows it. The Supreme Court, in reversing the lower court's judgment awarding interest, pointed out that under that clause interest could be recovered only where the money is retained without the owners' knowledge, saying:

"* * * The only clause in the foregoing section which allows interest for money had and received is one that provides for interest where the money is detained without the owner's knowledge. There is no allegation in the complaint that such was the fact in this case. The argument of counsel seems to be that interest should be allowed because the money was vexatiously withheld. At one time the law in this state authorized the allowance of interest in such cases, but that statute was repealed by the one now before us. We think the court erred in allowing interest, and the judgment will be reversed for that reason, and remanded, with instructions to render another judgment for plaintiff in the sum of $1,295."

At present, the statute provides that there can be interest only where the money is detained without the owner's consent. The crucial words, for the present purpose, are: "without the owners' consent, expressed or implied, from the receipt thereof." As we view this, it means that there cannot be interest in a money had and received case where there has been a consensual detention, expressed or implied from the receipt thereof; in other words, the words "from the receipt thereof" modify "implied" and the comma is superfluous. This is the only construction which is at all sensible. The only other possible meaning which could be given to the clause "from the receipt thereof" would be that interest shall run from the date of receipt where there is no consent at the outset. Even viewed in this manner, interest could not be recovered in a case such as the present one where the defendants detained the money by reason of a consent expressed in a written contract.

There are numerous other Colorado cases which hold that interest is not recoverable in a *quantum meruit* action. See Dexter v. Collins, 21 Colo. 455, 42 P. 664, 666; Board of Commissioners, etc. v. Flanagan, 21 Colo.App. 467, 122 P. 801, 804; Hunter v. Wilson, 147 Colo. 36, 362 P.2d 553. Inasmuch as the cases do not recognize the right to interest in an action such as that at bar, the plaintiff's demand must be denied.

Plaintiff's further contention that other sections of the interest statute apply, e. g., the section allowing interest for moneys after they become due on any bill, bond, promissory note, or other instrument of writing, must also be re-

jected. The instrument here is not within the contemplation of this section.

It must be concluded, therefore, that the statute does not make provision for a claim such as that at bar. Accordingly, the claim for interest should be, and the same is hereby disallowed. Plaintiff is directed to tender a judgment which provides for interest from and after the date of entry of judgment.