Opinion by
Mr. Chief Justice McWilliams.
This is the second time the dispute between Rosenthal and Whitehead over a tractor has been before this Court. For the general background out of which this controversy arose, see Rosenthal v. Whitehead, 159 Colo. 565, 413 P.2d 909. In that case we determined as a matter of law that Whitehead did convert to his own use the tractor in question, and the case was remanded to the trial court for further proceedings.
Upon remand it was stipulated that the only matter to be determined was the value of the tractor in question as of the time of conversion. In this regard the trial court then held a further hearing, with Rosenthal and Whitehead both offering testimony which ostensibly bore on the issue of value. Also, Whitehead called as a witness an implement dealer who testified in the same general connection. The trial court then made a finding that the value of the tractor as of the time of its conversion was $1,400. Judgment was entered in favor of Rosenthal and against Whitehead in the sum of $1,400, plus interest and costs.
 Being dissatisfied with the amount of the judgment, Rosenthal now seeks reversal and a remand once again to the trial court, this time with the direction that it enter a judgment for Rosenthal in the sum of $3,207, “together with the expected markup of around 23%, making a value of at least $4,000.”
*349 This having been a trial to the court, the fact that some inadmissible evidence may have crept into the record is no ground for reversal. Vanadium v. Wesco, 135 Colo. 77, 308 P.2d 1011. Rather, the only issue before us is whether there is competent evidence to support the trial court’s finding as to the value of the tractor as of the time of conversion. Hunter v. Wilson, 147 Colo. 36, 362 P.2d 553 and Howard v. Trust Co., 139 Colo. 314, 338 P.2d 689. Our study of the record convinces us that there is testimony which, when coupled with the inferences properly deducible therefrom, supports the trial court’s finding of value.
Judgment affirmed.
Mr. Justice Day, Mr. Justice Pringle and Mr. Justice Kelley concur.